**Paul LANE, Appellant,**

v.

**PORT TERMINAL RAILROAD ASSOCIATION, Appellee.**

**No. A14–90–00661–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 23, 1991.

Rehearing Denied June 20, 1991.

**624**

George Payne, Tom R. Letbetter, Houston, for appellant.

Kyle M. Rowley, William B. Allison, J. James Cooper, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

MURPHY, Justice.

Appellant sued appellee for wrongful discharge, libel and slander. The trial court rendered a summary judgment in favor of appellee, and this appeal followed. In five points of error, appellant contends that the trial court erred in granting the summary judgment. We affirm.

From 1967 to 1987, appellant was employed by appellee as a switchman and yard helper. On November 22, 1985, B.R. Purdy, one of appellant's co-workers, was injured in an accident while working for appellee. In connection with this accident, appellant submitted a formal accident report and gave statements to an assistant claims manager and an assistant trainmaster employed by appellee. Following the accident, Purdy filed a personal injury suit against appellee. In the course of the litigation between Purdy and appellee, appellant's deposition was taken. In his deposition, appellant testified regarding the condition of certain equipment on the day of the accident and gave other details surrounding Purdy's accident.

On January 28, 1987, appellee received a transcript of appellant's deposition in the Purdy case. Upon comparison, appellee discovered significant discrepancies between appellant's deposition testimony and the statements and report which he had given on the day of the accident. On January 29, 1987, appellant was charged pursuant to the Union Bargaining Agreement with violations of rules and regulations pertaining to dishonesty, perjury and withholding evidence. A formal investigation was conducted on February 10, 1987, and appellant was discharged by appellee on February 17, 1987. Appellant appealed his discharge through a formal grievance process, and his claim was ultimately set for adjudication by the National Railroad Labor Board, Special Board of Adjustment. On January 26, 1988, appellant's claim was presented to the board. The board denied the claim on March 23, 1988.

On October 31, 1988, appellant filed this suit against appellee for wrongful discharge, libel and slander. On April 3, 1990, appellee filed its motion for summary judgment. Appellee's motion asserted that appellant's claims were barred by the one-year statute of limitations. In addition, appellee contended that it was entitled to judgment as a matter of law, because the statements at issue were privileged, and

because plaintiff's causes of action were preempted by federal labor statutes. On June 7, 1990, the court below granted appellee's motion for summary judgment, and this appeal followed.

Initially, we note that no issues pertaining to appellant's cause of action for wrongful discharge are raised by this appeal. In its motion for summary judgment, appellee contended that appellant's cause of action for wrongful discharge was federally preempted by the National Railway Labor Act. Appellant did not address this contention in his response to the motion for summary judgment, and he has not raised the issue on appeal. Accordingly, the only issues before us in this appeal are those pertaining to appellant's causes of action for libel and slander.

In his first point of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment, because his causes of action for libel and slander are not preempted by the National Railway Labor Act. In view of our holdings regarding limitations and privilege in our disposition of appellant's other points of error, we need not reach the preemption issue in this case, and it will not be addressed in this opinion.

In his second and third points of error, appellant raises issues regarding appellee's defenses of limitations and privilege. Specifically, appellant contends that his causes of action for libel and slander are not barred by limitations, and that the defamatory statements at issue in this case are not subject to any privilege. We do not agree.

Appellant filed his original petition alleging libel and slander on October 31, 1988. Libel and slander are both subject to a one-year limitations period. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.002 (Vernon 1986). Accordingly, any publication of defamatory statements made prior to October 31, 1987 is not actionable in this case. Most of appellant's dealings with appellee transpired prior October 1987. However, appellant asserts that there are two publications of defamatory statements occurring after October 31, 1987 that are actionable in this case.

The first group of defamatory statements relied upon by appellant were published at the National Railroad Labor Board, Special Board of Adjustment hearing held on January 26, 1988. Appellee contends that these statements were published subject to an absolute privilege, and that they cannot serve as the basis of appellant's causes of action. We agree.

■ Texas courts have long recognized that an absolute privilege extends to publications made in the course of judicial and quasi-judicial proceedings. *See James v. Brown*, 637 S.W.2d 914, 916 (Tex.1982); *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912–913 (1942). Quasi-judicial proceedings are those proceedings before executive officers, boards and commissions which have authority to hear and decide matters coming before them or redress grievances of which they take cognizance. *McAfee v. Feller*, 452 S.W.2d 56, 57–58 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). At least one court has indicated that publications made in the course of proceedings held pursuant to the National Labor Railway Act are subject to an absolute privilege. *See Houston Belt & Terminal Ry. v. Wherry*, 548 S.W.2d 743, 748 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.), *appeal dismissed*, 434 U.S. 962, 98 S.Ct. 497, 54 L.Ed.2d 447 (1977).

■ In this case, we hold that the National Railroad Labor Board, Special Board of Adjustment hearing at which appellant's claim was adjudicated was a "quasi-judicial proceeding" for purposes of libel and slander law. Accordingly, any publication of defamatory material arising from the proceeding is subject to an absolute privilege. The scope of the absolute privilege extends to all statements made in the course of the proceeding and attaches to all aspects of the proceeding. *See James v. Brown*, 637 S.W.2d 914, 916–917 (1982). Thus, communications made in the due course of the board hearing cannot serve as the basis of appellant's civil action for libel, regardless

of the negligence or malice with which they were made. *E.g., id.* 637 S.W.2d at 916.

The second group of defamatory statements relied upon by appellant to avoid a limitations bar consists of statements made by appellant to prospective employers following his discharge by appellee. Appellant argues that it was reasonable and necessary for him to inform prospective employers of the reasons for his discharge, and that this repetition of defamatory statements by him constituted an independent publication which is neither subject to an absolute privilege nor barred by limitations. In support of this contention, appellant relies on *Chasewood Construction Co. v. Rico,* 696 S.W.2d 439 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

The plaintiff in *Rico* was a building subcontractor. *See id.* at 440. After materials were discovered to be missing from the job site, he was called into an office trailer, accused of theft and fired. *See id.* at 443. He stepped outside of the office trailer and immediately informed his crew of workmen that they were being ordered off of the job site, because he was suspected of being a thief. *See id.* The *Rico* court held that the repetition of the defamatory statements constituted an actionable publication for purposes of libel and slander law, because a reasonably prudent person would have expected that the face-to-face defamation would be communicated to others. *See id.* at 445. We find *Rico* to be clearly distinguishable from the case at bar.

*Rico* did not involve any issue pertaining to privileged publications. The primary defamation underlying the repetition in *Rico* was actionable. In the case at bar, however, the primary defamation was published subject to an absolute privilege. As noted above, it is well established that an absolutely privileged communication is one for which no remedy exists in a civil action for libel and slander. *E.g., Reagan v. Guardian Life Ins. Co.,* 140 Tex. 105, 166 S.W.2d 909, 912 (1942). This is so, regardless of the fact that the communication was false and was published with malice. *E.g., id.*

In addition, to apply the holding in *Rico* to the facts of this case would completely abrogate the public policy underlying the privilege applicable in this case. The purpose of extending an absolute privilege to statements arising in the course of judicial and quasi-judicial proceedings is to encourage full disclosure from witnesses and other persons and to insure that the administration of justice may proceed unhampered by the fear of retaliatory suits for defamation. *See James v. Brown,* 637 S.W.2d 914, 917 (Tex.1982). To allow a party to convert a privileged communication into an actionable communication simply by repeating it to third persons would clearly frustrate the goal of this public policy. Accordingly, to the extent that appellant's causes of action are not barred by the one-year statute of limitations, they are precluded as a matter of law by appellee's defense of absolute privilege. Appellant's second and third points of error are overruled.

In his fourth point of error, appellant contends that the trial court erred in granting the motion for summary judgment, because there is a genuine issue of material fact as to malice on the part of appellee which precludes appellee's claim of privilege. This point is without merit. Publications protected by an absolute privilege cannot serve as the basis of a civil action for libel or slander regardless of whether or not they were made with malice. *E.g., James v. Brown,* 637 S.W.2d 914, 916 (Tex. 1982). Accordingly, appellant's fourth point of error is overruled.

In his fifth point of error, appellant contends that the trial court erred in granting the motion for summary judgment, because appellee did not conclusively prove all elements of its defense as a matter of law, and because there are genuine issues of material fact regarding appellant's causes of action for libel and slander. Appellant fails to specify which of appellee's defenses or issues of fact this point concerns or how the existence of such issues could preclude the rendition of summary judgment. For the reasons stated above, we hold that appellant established as a matter of law all the elements of a viable and complete de-

fense to appellant's causes of action, and that the motion for summary judgment was properly granted in this case. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.