Juanita B. WEAVER, Plaintiff,

v.

The AULT CORPORATION dba Kinko's Copies, etc., and Joe's Copies, etc., Defendant.

No. 4:92–CV–748–A.

United States District Court, N.D. Texas, Fort Worth Division.

July 12, 1993.

Irene Jackson, Irving, TX, for plaintiff.

Donald K. Buckman and Earnest Reynolds, III of Cantey & Hanger, L.L.P., Fort Worth, TX, for defendant.

*MEMORANDUM OPINION and ORDER*

McBRYDE, District Judge.

Came on to be considered in the above styled and numbered action the motion of defendant, the Ault Corporation, dba Kinko's Copies, Etc., and Joe's Copies, Etc. ("defendant") for summary judgment. Defendant has, in effect, moved for partial summary judgment as to (i) the claim asserted by plaintiff, Juanita B. Weaver ("Weaver") under the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq.* ("ADEA") and (ii) Weaver's claim of defamation to the extent it is supported by statements made during a hearing before the Texas Employment Commission ("TEC"). The court determines that the motion for summary judgment should be denied with respect to the ADEA claim. As

to the defamation claim and the use of statements made during TEC hearing in support of such claim, the court determines that defendant's request for relief would be more appropriately addressed as a motion in limine. The court, accordingly, is converting the remainder of the motion for summary judgment into a motion in limine and granting such motion in limine.

## I.

### *Undisputed Facts*

Weaver asserts this action against defendant alleging (i) a claim pursuant to the ADEA; (ii) a state law claim of defamation; and (iii) a state law claim of intentional infliction of emotional distress. Defendant employed Weaver as a manager from approximately April 14, 1987, until March 23, 1992. On March 23, 1992, defendant discharged Weaver from her employment. Weaver's claims arise out of her termination by defendant. Prior to filing this action, she filed an administrative claim with the Equal Employment Opportunity Commission ("EEOC") within the time requirements of the ADEA. Weaver originally filed this action on October 9, 1992. After receiving leave of court, Weaver filed a First Amended & Supplemental Complaint and Jury Demand on December 7, 1992. While Weaver exhausted all of the administrative requirements required by the ADEA, the EEOC never issued to her a notice of right to sue letter.

## II.

### *Notice of Right to Sue*

■ Defendant requests that the court grant summary judgment as to the ADEA claim based upon its contention that, prior to bringing a civil suit under the ADEA, a plaintiff must receive a notice of right to sue letter from the EEOC. It is well established that a party asserting an employment discrimination action under Title VII, 42 U.S.C. § 2000e, *et seq.*, must first receive a notice of right to sue letter from the EEOC prior to bringing a judicial action. The ADEA, prior to November 21, 1991, however, clearly did not contain such a requirement. *See Seredinski v. Clifton Precision Prod. Co.*, 776

F.2d 56, 63 (3rd Cir.1985). As held in *Seredinski,* "[u]nlike Title VII however, ADEA does not require that a 'right-to-sue letter' first be obtained. Rather a complainant must simply file a charge with the EEOC not less than 60 days before commencing suit...." *Id.*[1]

The ADEA was amended effective November 21, 1991, by the Civil Rights Act of 1991. Defendant relies on an amendment to the ADEA in support is its argument that the ADEA now requires a plaintiff to receive a right-to-sue letter from the EEOC prior to bringing a judicial action. The relevant provision states:

**(e) Reliance on administrative rulings; notice of dismissal or termination; civil action upon receipt of notice**

. . . . .

If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.

29 U.S.C. § 626(e) (West Supp.1993). The cases cited by defendant do not support the proposition that a plaintiff must now first receive a right-to-sue letter before bringing an ADEA action in district court. Furthermore, in citing a specific portion of the legislative history related to this amendment, defendant omitted other portions directly commenting on this issue. The portion cited by defendant provides:

This section also adds a new provision to the ADEA, which imposes an explicit obligation on the EEOC to notify complainants, after the EEOC has dismissed their charges, that the agency's action triggers a 90–day limitations period for filing suit.

H.R.Rep. No. 102–40(I), 102nd Cong., 1st Sess. 97, *reprinted in* 1991 U.S.C.C.A.N. 549, 635. The pertinent portions of the legislative history, however, that defendant failed to the call to the court's attention, provide:

ADEA claimants will retain their historical right to go directly into court after filing a charge.

. . . . .

Section 215(b)(4) [the relevant amendment] makes clear that the claimant may commence a civil action at any time after 60 days from the time the charge was filed up until the expiration of the 90 day period following receipt of notice from the Commission that it has dismissed the charge or otherwise completed its consideration of the charge, whichever is later.

*Id.* at 634–35. The 1991 amendment, therefore, does not require that an ADEA claimant wait until after receipt of a right-to-sue letter to bring a civil action. This amendment merely requires that, in the event that such a right-to-sue letter is issued, the claimant must bring the civil action within 90 days after receipt of the letter.

Furthermore, in a letter[2] received from the EEOC by counsel for Weaver in response to inquiries about a right-to-sue letter in this action, a representative of the EEOC stated:

[A]n individual may file a lawsuit in federal district court based on the ADEA anytime after 60 days has elapsed since the filing of the charge with the Commission. There is no requirement that a Charging Party must receive a Notice of Right to Sue from the Commission before filing in the federal district court.

. . . . .

Any motion for dismissal, regarding an ADEA lawsuit filed in federal district court, based on the argument that the Plaintiff has not received a Notice of Right

---

1. 29 U.S.C. 626(d)(2) provides, in pertinent part, "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."

2. Weaver has attached this letter dated May 12, 1993, along with other summary judgment evidence, to an affidavit sworn to by counsel for Weaver.

to Sue from the Commission should be denied.

Exhibit "J" to Affidavit in Support of Opposition to Motion for Summary Judgment.

The court determines that defendant's assertion that Weaver's ADEA claims should be dismissed is wholly without merit and that the motion for summary judgment should be denied.[3]

### III.

### *Defamation Claim*

As noted, Weaver has asserted against defendant a state law claim of defamation. One of the grounds for such a claim is that Weaver's former supervisor, Lee Ann Palmer, in a hearing before the TEC on May 20, 1992, testified that Weaver was fired because she was "neglectful, incompetent and a poor manager." Defendant requests that the court grant summary judgment as to the defamation claim to the extent that it is supported by the statements of Palmer before the TEC. As noted, the court is treating such a request for relief as a motion in limine.

Defendant's argument is based, in part, upon a claim of absolute privilege. Under Texas law, absolute privilege is a complete defense in an action for defamation. *Astro Resources Corp. v. Ionics, Inc.*, 577 F.Supp. 446, 447 (S.D.Tex.1983). Furthermore, communications offered in a judicial or quasi-judicial proceeding are absolutely privileged against a claim of defamation. *Id.; see also Lane v. Port Terminal R.R. Ass'n*, 821 S.W.2d 623, 625 (Tex.App.—Houston [14th Dist.] 1991, error denied). As noted in *Lane:*

> Texas courts have long recognized that an absolute privilege extends to publications made in the course of judicial and quasi-judicial proceedings. . . . Quasi-judicial proceedings are those proceedings before executive officers, boards and commissions which have authority to hear and

decide matters coming before them or redress grievances of which they take cognizance.

*Lane*, 821 S.W.2d at 625. Accordingly, the statements made by Palmer as part of her testimony at the hearing before the TEC are absolutely privileged. *See Taylor v. Houston Lighting & Power Co.*, 756 F.Supp. 297, 302 (S.D.Tex.1990). Such statements, therefore, cannot serve as the basis for a defamation claim. *Id.*[4]

The court determines that Weaver's claim of defamation may not be supported by statements made by testimony given by Palmer at the TEC hearing. Defendant's motion for summary judgment, converted *sua sponte* into a motion in limine, should be granted to the extent that Weaver will not be allowed to support her defamation claim with any testimony given by Palmer at the TEC hearing.

### IV.

### *ORDER*

The court ORDERS that the motion of defendant for summary judgment be, and is hereby, denied.

The court further ORDERS that: The motion in limine be, and is hereby, granted to the extent provided herein. Weaver shall not support her defamation claim with any testimony given by Palmer at the TEC hearing.

---

**3.** The court is disappointed that counsel for defendant would make such a frivolous argument and thereby consume the court's valuable time and put Weaver to the time and expense of responding to such a meritless contention.

**4.** The court is granting the motion in limine based only upon defendant's argument of absolute privilege. Defendant's argument based on Tex.Civ.Stat.Ann. art. 5221b–9(r) is as frivolous as the argument in support of its ADEA motion.