**Marguerite Frances JAMES, Petitioner,**

v.

**Raymond M. BROWN, M.D., et al., Respondents.**

**No. C–1080.**

Supreme Court of Texas.

July 14, 1982.

Rehearing Denied Sept. 22, 1982.

Lyne & Klein, Erich F. Klein, Jr. and Ron Edmondson, Dallas, for petitioner.

Mark White, Atty. Gen., Paul R. Gavia, Asst. Atty. Gen., Austin, Strasburger & Price, Bryan J. Maedgen and Patrick F. McGowan, Thompson & Knight, George Chapman and Christopher W. Byrd, Dallas, for respondents.

PER CURIAM.

This opinion was written by Justice James G. Denton before his death on June 10, 1982 and is adopted as the opinion of the Court.

This is a suit for damages against three psychiatrists arising out of an involuntary hospitalization proceeding under the Mental Health Code. The trial court granted summary judgment for the doctors and the court of appeals affirmed. 629 S.W.2d 781. The judgment of the court of appeals is affirmed in part, and reversed and remanded in part.

On the application of her son and daughter, Marguerite Frances James was hospitalized for observation under the provisions of the Texas Mental Health Code. She was examined by Drs. Brown, Hall, and Rosenthal, all of whom filed reports with the probate court stating that Mrs. James was mentally ill and likely to cause injury to herself or others if not immediately restrained. In addition, Dr. Rosenthal wrote a letter to the children's attorney, who was preparing an application for temporary guardianship of Mrs. James' person and estate, in which he stated that Mrs. James was "not of sound mind and not competent to manage her financial affairs...."

Mrs. James obtained a writ of habeas corpus releasing her from the custody of the hospital and all proceedings against her were dismissed by agreement with the children. She then filed this damage action against the three psychiatrists, alleging libel, negligent misdiagnosis-medical malpractice, false imprisonment, and malicious prosecution. The court of appeals, in upholding the trial court's summary judgment for the doctors, held that publication of the doctors' opinions pursuant to the mental health and guardianship proceedings was privileged and that no damages could be recovered for the consequences of publication, even though the doctors' assessments might have been arrived at negligently.

Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made. *Reagan v. Guardian Life Insurance Co.*, 140 Tex. 105, 166 S.W.2d 909 (1941). This privilege extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the

pleadings or other papers in the case. W. Prosser, Handbook of the Law of Torts § 114 (4th ed. 1971). The Restatement (Second) of Torts § 588 (1981) provides:

A witness is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or as a part of a judicial proceeding in which he is testifying, if it has some relation to the proceeding.

The administration of justice requires full disclosure from witnesses, unhampered by fear of retaliatory suits for defamation. Thus, the doctors' reports to the probate judge in Mrs. James' mental health proceedings are absolutely privileged, and will not give rise to an action for defamation. Dr. Rosenthal's letter to the children's attorney is similarly privileged because it was written in contemplation of a judicial proceeding. The trial court's summary judgment concerning these communications was, therefore, proper.

Dr. Rosenthal also furnished his diagnosis of Mrs. James to Blue Cross and Blue Shield of Texas. While there is no evidence in the record that any privilege attached to this communication, the issue of its possibly libelous nature was never raised in the trial court. Mrs. James only mentioned the Blue Shield communication in response to the doctors' Motions for Summary Judgment, where she stated that the Blue Shield communication should preclude a summary judgment as to her cause of action for negligence:

By his own admission, Dr. Rosenthal was not certain of his diagnosis of Plaintiff that was contained in the Certificate of Mental Illness he executed and had filed in the mental illness proceeding. Dr. Rosenthal was asked, "Do you recall sending a written diagnosis to Blue Shield stating Mrs. James was suffering from a condition of paranoid psychosis?", and Dr. Rosenthal stated in response: "Yes."

Based upon the foregoing matters, genuine issues of material fact exist in this cause as to whether Dr. Rosenthal acted as a prudent physician in connection with his examination and diagnosis of Plaintiff in October, 1977, and for this reason, Dr. Rosenthal is not entitled to Summary Judgment as prayed for in his Motion.

Apparently, Mrs. James was arguing that Dr. Rosenthal was negligent in describing her mental illness, in light of the discrepancy between the terminology he used in the Certificate of Mental Illness, (involuntionary paranoia), and the terminology he used in the Blue Shield diagnosis, (paranoid psychosis).

■ In *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), this Court stated:

The written answer or response to the motion must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion.

589 S.W.2d 678. Tex.R.Civ.Pro. Rule 166–A(c) includes the following language:

Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

The Blue Shield communication is not mentioned as the basis of a cause of action for libel. Mrs. James discusses libel only as it relates to the doctors' communications to the trial court and the letter sent by Dr. Rosenthal to the attorney for the James children. The Blue Shield communication is only mentioned with regard to a cause of action for negligence-medical malpractice. It cannot now be considered as grounds for reversal of the trial court's summary judgment on the libel action. Tex.R.Civ.Pro. Rule 166–A.

■ While the doctors' communications to the court of their diagnoses of Mrs. James' mental condition, regardless of how negligently made, cannot serve as the basis for a defamation action, the diagnoses themselves may be actionable on other grounds. In this regard we disapprove the language of *Clark v. Grigson*, 579 S.W.2d 263 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.), inasmuch as it extended to psychiatrists testifying in mental health proceedings a blanket immunity from all civil liability. The unavailability of a defamation ac-

tion does not preclude a plaintiff from pursuing other remedies at law. *See, Runge v. Franklin*, 72 Tex. 585, 10 S.W. 721 (1889) and *Tsesmelis v. Sinton State Bank*, 53 S.W.2d 461 (Tex.Comm'n App.1932, judgmt. adopted). Mrs. James is not prevented from recovering from the doctors for negligent misdiagnosis-medical malpractice merely because their diagnoses were later communicated to a court in the due course of judicial proceedings.

Tex.Rev.Civ.Stat.Ann. art. 5547–18 provides:

> Liability
>
> All persons acting in good faith, reasonably and without negligence in connection with examination, certification, apprehension, custody, transportation, detention, treatment or discharge of any person, or in the performance of any other act required or authorized by [the Mental Health Code], shall be free from all liability, civil or criminal, by reason of such action.

It is a well settled rule of construction that the "express mention or enumeration of one person, thing, consequence, or class is equivalent to an express exclusion of all others." *State v. Mauritz-Wells Co.*, 141 Tex. 634, 639, 175 S.W.2d 238, 241 (1943). The plain implication of art. 5547–18 is that persons acting in bad faith, unreasonably, and negligently in connection with mental health proceedings are not free from liability. Fact questions regarding bad faith, unreasonableness, or negligence, therefore, should preclude a summary judgment on otherwise valid causes of action.

■ A cause of action for medical malpractice is essentially a negligence action. *See generally* J. Perdue, The Law of Texas Medical Malpractice (1975). A psychiatrist owes a duty to his patient to exercise that degree of skill ordinarily employed under similar circumstances by similar specialists in the field. *See, e.g., Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779 (1949). We hold that, as a matter of law, Tex.Rev.Civ.Stat. Ann. arts. 5547–1 *et seq.* impose such a duty on psychiatrists examining patients entrusted to them under the Mental Health Code.

Article 5547–18 excuses from liability only those who act in good faith, reasonably, and *without negligence.* A question of material fact exists in this case with respect to whether Drs. Brown, Hall, and Rosenthal acted negligently. There are affidavits from other psychiatrists to the effect that Mrs. James is not mentally ill, and that the diagnoses of Drs. Brown, Hall, and Rosenthal could not have been arrived at properly during their brief periods of observation. Thus, the trial court erred in granting summary judgment for the doctors on the negligent misdiagnosis-medical malpractice cause. That cause is now remanded to the trial court.

■ Mrs. James has failed to state a cause of action for false imprisonment. The essential elements of false imprisonment are: 1) willful detention; 2) without consent; and 3) without authority of law. *Moore's Inc. v. Garcia*, 604 S.W.2d 261 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.) If an arrest or detention is executed under process which is legally sufficient in form and duly issued by a court of competent jurisdiction, an action for false imprisonment will not lie. 35 C.J.S. *False Imprisonment* § 27 (1960). As Mrs. James' detention was effected by a valid arrest warrant signed by the probate judge, the trial court's summary judgment on the false imprisonment claim was clearly proper. *Pate v. Stevens*, 257 S.W.2d 763 (Tex.Civ.App.— Texarkana 1953, writ dism'd).

■ Similarly, Mrs. James has failed to state a cause of action for malicious prosecution. In a suit for wrongful civil proceedings, the plaintiff must plead and prove: 1) the institution or continuation of judicial proceedings; 2) by, or at the instance of the defendant(s); 3) malice in the commencement of the proceedings; 4) lack of probable cause for the proceedings; 5) termination of the proceedings in plaintiff's favor; and 6) damages. *Martin v. Trevino*, 578 S.W.2d 763 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); W. Prosser, Handbook of the Law of Torts § 120 (4th ed. 1971). The mental health proceedings here were instituted by Mrs. James' chil-

dren. The psychiatrists' actions were taken at the behest, or what they believed was the behest, of the probate court. Further, neither the mental health proceedings nor the guardianship proceedings were terminated favorably to Mrs. James within the meaning of that requirement, because both proceedings were dismissed by agreement of the parties. *Ellis v. Sinton Savings Association*, 455 S.W.2d 834 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.). Therefore, the summary judgment for the doctors on the malicious prosecution claim was proper, not because of any absolute immunity, *see Pendleton v. Burkhalter*, 432 S.W.2d 724 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.), but because Mrs. James failed to state a cause of action.

Accordingly, the judgment of the court of appeals is affirmed in part and reversed and remanded in part for determination by the trial court of Mrs. James' causes of action for negligent misdiagnosis-medical malpractice against all three psychiatrists.

WALLACE, J., dissents in an opinion in which SPEARS, J., joins.

SONDOCK, J., not sitting.

WALLACE, Justice, dissenting.

I concur in the majority's decision concerning James' cause of action for malpractice, but respectfully dissent as to their decision that the summary judgment rendered was proper as to the possibly libelous nature of Dr. Rosenthal's letter diagnosis to Blue Cross & Blue Shield of Texas.

I would hold that the trial court's summary judgment was improper in light of the fact that on at least three occasions James pointed out the existence of this letter to the trial court. They are:

1. "Plaintiff's Response to Defendant, Michael R. Rosenthal, M.D., Motion for Summary Judgment";
2. "Plaintiff's First Response to Defendants' Motion for Summary Judgment"; and
3. "Plaintiff's First Supplemental Response to Defendants' Motion for Summary Judgment."

Each of these times James specifically pointed out that Dr. Rosenthal had written to Blue Shield stating that Mrs. James was suffering from a condition of paranoid psychosis. These facts set out a cause of action for libel, and show the existence of a genuine issue of material fact. Further, in his deposition that was before the trial court, Rosenthal admitted to writing this letter.

Admittedly, James never specifically pointed out the existence of this letter within the context of her libel cause of action, but used this letter to show the inconsistency of the defendant's diagnosis. However, the demands of Rule 166-A, Tex.R.Civ.Pro. and its interpretation in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), directly places the burden on the movant in a motion for summary judgment. Within the *Clear Creek* decision, this Court stated:

> [S]ummary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right.

Id. at 678.

James as the non-movant did present the trial court with the facts that state a cause of action for libel. I would hold that James has preserved her cause of action based on the fact that the movant defendant Rosenthal did not meet his burden under Rule 166-A.

SPEARS, J., joins in this dissent.