**Diane STECK, Appellant,**

v.

**SAKOWITZ, INC., Appellee.**

**No. A14–82–460CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 11, 1983.

Rehearing Denied Sept. 8, 1983.

Thomas B. Swanson, Archer, Peterson & Waldner, Houston, for appellant.

Joe C. Holzer, Hirsch & Westheimer, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment in favor of Sakowitz, Inc. (Sakowitz or appellee). We affirm in part and reverse and remand in part.

In February, 1977, Diane Steck (Steck or appellant), an employee of Sakowitz, was selected to participate in Sakowitz' "executive trainee program." On February 23, 1978, appellant and other participants in the program were brought into a room and presented with a "covenant not to compete" agreement by Sakowitz' vice-president of personnel and operations (Murrell). The participants were told they could not leave the room or discuss the agreement with anyone and were then requested to sign the agreement. The first page of the agreement contains a paragraph identifying the parties to the agreement. Appellant wrote her name in the appropriate space in the paragraph identifying the parties but did not sign her name in the space provided on the last page of the agreement. The agreement is not signed by Sakowitz.

Appellant completed the trainee program in May, 1979. She left Sakowitz' employment on September 4, 1979. On September 17, 1979, appellant began her employment with Oshman's Sporting Goods, Inc. (Oshman's) as a "gift and stationery" buyer. Sakowitz subsequently directed its attorney (Kalmans) to send a letter to appellant asserting the covenant not to compete agreement and threatening legal action if she continued in her employment with Oshman's. A copy of this letter was sent to the president of Oshman's along with a letter requesting that appellant's employment with Oshman's be terminated and threatening legal action against Oshman's if it continued to "induce" appellant to breach her agreement with Sakowitz. This letter resulted in the termination of appellant's employment with Oshman's. This action followed.

Appellant sued Sakowitz to recover damages for libel and for tortious interference with her employment relationship with Oshman's. Sakowitz subsequently filed a motion for summary judgment, alleging the following grounds: (1) appellant had signed the covenant not to compete; (2) appellant had benefited from participation in the trainee program and was therefore estopped from asserting she was not bound by the agreement; and (3) the letter sent by Kalmans was a privileged communication. An order granting the motion was signed June 2, 1982.

Appellant presents four points of error. Finding her fourth point of error to be dispositive of this appeal, we do not address appellant's points of error one through three. In her fourth point of error, appellant contends the trial court erred in granting summary judgment because Sakowitz failed to establish that the letter sent to Oshman's was a privileged communication.

Communications made in the course of a judicial proceeding are absolutely privileged and cannot constitute the basis of an action for libel or slander. *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909 (1941). The privilege extends to communications made in contemplation of a judicial proceeding. *James v. Brown*, 637 S.W.2d 914, 917 (Tex.1982). The summary judgment evidence includes a copy of the letter sent to Oshman's. In the letter, Sakowitz threatened legal action based on the covenant not to compete agreement. Covenants not to compete are enforceable. *Weatherford Oil Tool Co. v. Campbell*, 161 Tex. 310, 340 S.W.2d 950 (1960). We therefore find the letter was a privileged communication made in contemplation of a judicial proceeding and cannot constitute the basis of an action in damages *for libel or slander.*

Appellant further urges that if the letter was a privileged communication it was a bar only to her cause of action for libel, not to her cause of action for tortious interference with her employment relationship with Oshman's. Sakowitz argues that a privileged communication may not form the basis for *any* civil cause of action for damages. In support of its contention, Sakowitz relies on *Clark v. Grigson*, 579 S.W.2d 263 (Tex. Civ.App.—Dallas 1979, writ ref'd n.r.e.), which held that the testimony of a psychiatrist in a criminal trial could not be used as the basis for a subsequent civil action for malpractice against the psychiatrist. This holding, however, was disapproved in *James*, 637 S.W.2d at 917. In *James*, a letter alleged to be defamatory was sent by a psychiatrist to the attorney representing the children of the plaintiff. The letter was sent in contemplation of the filing of an application for temporary guardianship of plaintiff's person and estate. Plaintiff sued the psychiatrist alleging, *inter alia*, libel and medical malpractice as causes of action. The trial court held the communication was privileged and therefore could not serve as the basis for plaintiff's causes of action for libel and medical malpractice. The supreme court agreed the communication was privileged and therefore could not serve as the basis for plaintiff's cause of action for *libel*, but stated that "[t]he unavailability of a defamation action does not preclude a plaintiff from pursuing other remedies at law." *James*, 637 S.W.2d at 917–918.

Interference with another's business relations with a third party is actionable if the interference is motivated by malice and no useful purpose of the inducing party is served. *Morris v. Jordan Financial Corp.,* 564 S.W.2d 180 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). Further, a person may purposely cause another not to continue a business relation with a third person by in good faith asserting or threatening to protect a legal interest of his own which he believes may otherwise be impaired or destroyed by the continuation of the relation. *Id.* at 184. Included in the summary judgment evidence is an affidavit executed by Kalmans in which he states the letters were sent based on his good-faith belief that appellant was bound by the covenant not to compete. Also included was evidence appellant did not sign or intend to enter into the agreement.

We find the summary judgment evidence insufficient to show, as a matter of law, that Sakowitz acted in good faith in sending the letter to Oshman's. Fact issues remain whether appellant had signed the agreement or had agreed to be bound by it. Fact issues also remain whether Sakowitz reasonably believed it had a legal interest to protect. Answers to these questions would raise a fact issue whether Sakowitz' actions were motivated by malice.

Accordingly, we affirm that portion of the summary judgment relating to appellant's cause of action for libel, and reverse and remand for trial on the merits that portion of the judgment relating to appellant's cause of action for interference with her business relations with Oshman's.