**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-11289
_____


HUGH L TOLLACK, II


     Plaintiff - Appellant-Cross-Appellee,

versus


ALLIANZ AKTIENGESELLSCHAFT HOLDING; ALLIANZ OF
AMERICA INCORPORATED; ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA; FIREMAN'S FUND
INSURANCE COMPANY; ALLIANZ OF AMERICA
CORPORATION


     Defendants - Appellees-Cross-Appellants

---

Appeals from the United States District Court
For the Northern District of Texas
(3:94-CV-2434-P)

---


_____

No. 96-50582
_____


HUGH L TOLLACK, II


     Plaintiff

versus


ALLIANZ AKTIENGESELLSCHAFT HOLDING; ALLIANZ OF
AMERICA INCORPORATED; ALLIANZ OF AMERICA

CORPORATION; ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; FIREMAN'S FUND INSURANCE COMPANY

Defendants - Appellants

versus

DOW JONES & COMPANY; MICHAEL TOTTY

Movants - Appellees

---

Appeals from the United States District Court
For the Western District of Texas
(A-96-cv-278)

---

November 10, 1997

Before EMILIO M. GARZA, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hugh L. Tollack, II ("Tollack") appeals the district court's grant of summary judgment in favor of Allianz Aktiengesellschaft Holding, Allianz of America, Incorporated, Allianz Life Insurance Company of North America, and Fireman's Fund Insurance Company (collectively "Allianz") on his state-law defamation, intentional infliction of emotional distress, and civil conspiracy claims in appeal number 96-11289. Allianz cross-appeals the denial of discovery of the notes of reporter Michael Totty in appeal number 96-50582. Allianz made three allegedly defamatory statements about

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

Tollack. The district court found that even if the statements were defamatory, the first two statements were absolutely privileged from being the basis for a defamation suit because they were issued in connection with an on-going judicial proceeding and all three were absolutely privileged because Tollack consented to Allianz making the statements.

Another lawsuit between Tollack and Allianz was proceeding in Texas state court when Allianz made the first two statements. Although the Texas district court had granted summary judgment in favor of Allianz and the Texas court of appeals had affirmed summary judgment when the first two statements were made, a writ of error was pending in the Texas Supreme Court.[1] Under Texas law, statements made by potential witnesses that are related to an on-going judicial proceeding are absolutely privileged from serving as the basis for a defamation suit. *See James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982). The first two statements concerned Allianz's position in the previous lawsuit in state court and were made by potential witnesses to that proceeding. Accordingly, we conclude that those statements were made in relation to a judicial

---

[1] The Texas Supreme Court had denied the writ of error before the third statement was made, but the time for filing a petition of certiorari to the United States Supreme Court had not yet elapsed when that statement was made. The district court found that the third statement did not relate to the suit because the suit had already been terminated. In light of our conclusion that Tollack consented to all three statements, we decline to decide whether the possibility of filing a petition for certiorari meant that the suit was still proceeding when the third statement was made.

proceeding and therefore were absolutely privileged.

The district court also found that Tollack had impliedly consented to Allianz making all three statements because he initiated the contact with the media and Allianz's customers and informed them of allegations of impropriety by Allianz. Consent is an absolute privilege to a defamation action, regardless of whether the speaker acted with malice. *See Smith v. Holley*, 827 S.W.2d 433, 436, 38 (Tex. App. 1992, writ denied). "[I]f the publication of which the plaintiff complains was consented to, authorized, invited or procured by the plaintiff, he cannot recover for injuries sustained by reason of the publication." *Lyle v. Waddle*, 188 S.W.2d 770, 772 (Tex. 1945). Consent may be implied with respect to publications that can be reasonably foreseen by the person giving consent, in light of the language and circumstances that create the consent. *Smith*, 827 S.W.2d at 439. As the district court correctly noted, Allianz's statements accurately, albeit briefly, summarized its position in the earlier state court suit. Therefore, no material question of fact exists as to whether Tollack impliedly consented to all three statements because Tollack should have reasonably foreseen how Allianz would respond when he contacted the media and Allianz's customers. Accordingly, the district court appropriately granted summary judgment in favor of Allianz on the basis of Tollack's consent to all three statements.

For the foregoing reasons, the grant of summary judgment by

the district court in appeal number 96-11289 is AFFIRMED.  Appeal

number 96-50582 is DISMISSED AS MOOT.