**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-11324
Summary Calendar

_____

PAULA M. CRANK, Individually and as
Next Friend of KATRINA ANN CRANK and
BRITTANY RENEE CRANK, Minor Children,

Plaintiff,

JAY S. FICHTNER,

Appellant,

versus

KATHERINE W. CRANK, KAREN ARMSTRONG, and LARRY ARMSTRONG,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-1844-D)

_____

September 3, 1999

Before POLITZ, WIENER, and STEWART, Circuit Judges:

Per Curiam[*]

This is an appeal from the district court's grant of sanctions under Federal Rule of Civil Procedure 11 ("Rule 11") against counsel for Plaintiff-Appellant Paula M. Crank ("Plaintiff"). The district court ordered Plaintiff's attorney Jay S. Fichtner to complete thirty (30) hours of continuing legal education and to

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

submit letters of apology to the Defendants-Appellees ("Defendants").

This is the second time these parties have been before us in connection with a child custody dispute that was first decided adversely to Plaintiff in state court. The federal district court dismissed some of Plaintiff's claims on a 12(b)(6) motion[1] and disposed of the remainder on a motion for summary judgment,[2] which we affirmed.[3] Following that appeal, the district court granted Defendants' motion for Rule 11 sanctions on all but one claim.[4] Plaintiff appeals the order; Defendants have withdrawn as parties to the appeal.[5]

Defendants' motion for sanctions under Rule 11 asserted that each of Plaintiff's theories of recovery was either (1) not supported by existing law or nonfrivolous argument for extension of the law,[6] or (2) lacking evidentiary support and unlikely to have evidentiary support even after reasonable investigation.[7] District

---

[1] 1997 WL 22815 (N.D. Tex. Jan. 14, 1997).

[2] 1997 WL 538736 (N.D. Tex. Aug. 21, 1997).

[3] 146 F.3d 868, No. 97-11212 (5th Cir. June 4, 1998) (per curiam).

[4] The district court denied sanctions on the claims for assault and battery.

[5] As Defendants have withdrawn as parties to the appeal, we do not review the correctness of that portion of the decision adverse to them. Neither do we address the district court's order of sanctions on the libel and slander claims as Plaintiff does not dispute that order on appeal.

[6] Fed. R. Civ. P. 11(b)(2).

[7] Fed. R. Civ. P. 11(b)(3).

court decisions regarding Rule 11 sanctions are reviewed for abuse of discretion.[8] As a preliminary matter, we find that the district court did not abuse its discretion in declining to conduct an evidentiary hearing on the Rule 11 motion.[9]

First, Plaintiff's claim for malicious prosecution is sanctionable because the state court custody case was still pending at the time Plaintiff filed her federal court complaint. To state a claim for malicious prosecution, a party must have prevailed in the underlying lawsuit;[10] thus, there was no evidentiary basis for that cause of action at the time it was filed. Furthermore, Plaintiff does not argue —— frivolously or otherwise —— for modification or reversal of that law.

Second, Plaintiff's persistence in attempting to identify action "under color of" state law in support of her section 1983 claim is sanctionable. Even if we were to accept, as a <u>legal</u> theory, based on but a single state court ruling on absolute judicial immunity under state law,[11] that a guardian ad litem is a state actor for purposes of section 1983, we find no <u>factual</u> evidence whatsoever of any conspiracy between such person (who was not even named as a defendant in the original complaint) and the named defendants, to deprive Plaintiff of constitutional rights.

---

[8] <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990).

[9] <u>Merriman v. Security Ins. Co. of Hartford</u>, 100 F.3d 1187, 1192 (5th Cir. 1996).

[10] <u>James v. Brown</u>, 637 S.W.2d 914, 918 (Tex. 1982).

[11] <u>Delacourt v. Silverman</u>, 919 S.W.2d 777, 786 (Tex. App. 1996) (cited in Appellant's Brief).

Finally, the district court's order of sanctions on the claim for intentional infliction of emotional distress is not erroneous. We decline to consider Plaintiff's theory of emotional distress resulting from "abduction or enticement," presented for the first time <u>on appeal</u>, in support of her argument that the allegations in the <u>complaint</u> were warranted by existing law or nonfrivolous argument for extension of the law.

Based on our review of the Memorandum Opinion and Order of the district court in light of the facts revealed by the record and the legal arguments advanced in Plaintiff's appellate brief, we conclude that the district court did not abuse its discretion in ordering sanctions against Mr. Fitchner. For essentially the same reasons set forth in the well-reasoned opinion of that court, its order of sanctions is, in all respects,

AFFIRMED