NUMBER 13-99-748-CV 



COURT OF APPEALS 

THIRTEENTH DISTRICT OF TEXAS 

CORPUS CHRISTI 

___________________________________________________________________ 



ROBERT CEPEDA, MELANIE 

McCORMICK, and TOM JONES, Appellants, 



v. 



DON BADEAUX, Appellee. 

___________________________________________________________________ 



On appeal from the 197th District Court 

of Cameron County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Justices Dorsey, Chavez, and Rodriguez 



Opinion by Justice Chavez 





Robert Cepeda, Melanie McCormick, and Tom Jones appeal from the trial court's denial of
the portion of their motion for summary judgment asserting the qausi-judicial proceeding
privilege as a defense to the libel and slander causes of action asserted against them by
appellee Don Badeaux. We hold that the privilege does apply, and render judgment that
Badeaux take nothing against these individual appellants on his causes of action for libel
and slander. 

Badeaux was employed as City Manager for the City of Los Fresnos. At the time of the
events underlying this case, Robert Cepeda was the mayor of Los Fresnos and Melanie
McCormick and Tom Jones were City Council members. On March 2, 1999 the City Council held
a special meeting to discuss Badeaux's job performance and the possibility of terminating
his employment. Prior to the meeting Cepeda had prepared a memorandum outlining some of
the problems with Badeaux's work. Badeaux contends that this memorandum was libelous, and
that statements made at the meeting were slanderous. Badeaux's employment was terminated
at the March 2 meeting. 

Badeaux sued Cepeda, McCormick, and Jones, individually and in their official
capacities, and the City of Los Fresnos. He asserted causes of action for wrongful
termination, libel, and slander. Cepeda, McCormick, and Jones(1)
moved for summary judgment, asserting, among other arguments, that their statements at the
March 2 meeting were entitled to absolute immunity as statements made at a quasi-judicial
proceeding. The motion was denied, and appellants have appealed the denial of their claim
to absolute immunity. See Tex. Civ. Prac. & Rem. Code Ann. 51.014(5) (Vernon
Supp. 2000) (authorizing interlocutory appeal of denial of summary judgment based on
immunity of officer or employee of political subdivision of the state). 

To prevail on a summary judgment motion, a movant must establish that no genuine issue
about any material fact exists and that the movant is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995)
(per curiam). A defendant who conclusively establishes all of the elements of an
affirmative defense is entitled to summary judgment. Wornick Co. v. Casas, 856
S.W.2d 732, 733 (Tex. 1993). In reviewing a summary judgment, we must accept as true
evidence in favor of the nonmovant, indulging every reasonable inference and resolving all
doubts in the nonmovant's favor. Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546,
548-49 (Tex. 1985). 

All communications, oral or written, made in the due course of a judicial proceeding
are absolutely privileged. James v. Brown, 637 S.W.2d 914, 916 (Tex. 1982).
Judicial immunity extends to statements made in quasi-judicial proceedings before
governmental executive officers, boards, and commissions which exercise quasi-judicial
powers. Reagan v. Guardian Life Ins. Co., 166 S.W.2d 909, 912 (1942). This
absolute privilege applies even to statements made negligently or with malice. James,
637 S.W.2d at 916. The privilege also applies to statements that are false or irrelevant
to the proceeding. Zarate v. Cortinas, 553 S.W.2d 652, 655 (Tex. Civ.
App.--Corpus Christi 1977, no writ). This Court has identified at least six powers that
indicate a governmental body is acting in a quasi-judicial capacity: 1) the power to
exercise judgment and discretion; 2) the power to hear and determine or to ascertain facts
and make decisions; 3) the power to make binding orders and judgments; 4) the power to
affect the personal or property rights of private persons; 5) the power to examine
witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on
a hearing; and 6) the power to enforce decisions or impose penalties. Town of South
Padre Island v. Jacobs, 736 S.W.2d 134, 144 (Tex. App.--Corpus Christi 1986, writ
denied). Not all these powers need be vested in the governmental body to qualify for the
quasi-judicial proceeding privilege. Id. 

Badeaux concedes "there is no doubt that a board of aldermen or a city commission
[has] quasi-judicial powers." Indeed, we have previously held that a municipal board
of alderman, a body analogous to the City Council at issue in this case, was exercising a
quasi-judicial function when it discussed allegations of wrongdoing by an employee and the
possibility of terminating that employee. Id. Badeaux argues that the March 2
meeting at issue in this case was an "administrative proceeding" rather than a
quasi-judicial proceeding. However, Badeaux cites no authority for this distinction, and
we are aware of no Texas case that makes this distinction. 

In any event, it is apparent that the city council in this case, like the board of
aldermen in Jacobs, was exercising a quasi-judicial function. The council was
called on to ascertain facts, make a binding decision regarding whether Badeaux would
continue to be employed, and enforce its decision. This decision obviously affected
Badeaux's personal or property rights. As in Jacobs, the only power among the six
commonly used as a test that the council may have lacked is the power to compel the
attendance of witnesses. The absence of this one power from the list is not sufficient to
destroy the quasi-judicial character of the council's proceeding. Id. 

Badeaux also contends that appellants' motion for summary judgment was properly denied
because an affidavit supporting the motion was defective. Attached to appellants' motion
for summary judgment was a certified copy of the minutes of the March 2 meeting, as well
as a certified copy of Cepeda's memorandum discussed at that meeting. These records were
certified by Pam Denny, who stated in an affidavit that she is the city secretary of Los
Fresnos. Badeaux contends that Denny admitted in a deposition that she was never formally
appointed to the post of city secretary. Therefore, Badeaux contends, she lacks the
capacity to verify these records. 

Regardless of whether Denny was the city secretary, her affidavit authenticated the
records under the "business records" provision of Texas Rule of Evidence
902(10). Denny swore that she is the custodian of the records. Whether Denny formally
holds the post of city secretary or not, appellant has presented no evidence to contradict
Denny's sworn statement that she is, in fact, the custodian of the records. Denny also
swore that the records are kept in the regular course of business, and that the attached
records were either original documents or exact duplicates of original documents. This is
all that rule 902(10) requires. Tex. R. Evid. 902(10). 

In his second response to appellants' motion for summary judgment, Badeaux also argued
that summary judgment was premature because he had not had enough time to develop his
allegations that defamatory statements were made by the appellants outside of and prior to
the March 2 meeting.(2) However, Badeaux did not request a
continuance of the trial court's consideration of appellants' motion or attach an
affidavit stating his need for more discovery. When a party contends that it has not had
an adequate opportunity for discovery before a summary judgment hearing, it must file
either an affidavit explaining the need for further discovery or a verified motion for
continuance. Tenneco Inc. v. Enterprise Prods. Co., 925 S.W.2d 640, 647 (Tex.
1996); see also Tex. R. Civ. P. 166a(g), 251, 252. Although it appears from the
record before us that no hearing was held on the motion for summary judgment in this case,
Badeaux was still required to file an affidavit explaining his need for more time for
discovery if he was to avoid summary judgment on that basis. 

We reverse the order denying appellants' motion for summary judgment on appellee's
causes of action for libel and slander and render judgment that appellee take nothing on
those claims against the appellants. 



MELCHOR CHAVEZ 

Justice 





Do not publish. 

TEX. R. APP. P. 47.3. 



Opinion delivered and filed this 

the 31st day of March, 2000. 

1. Appellants have represented to this Court that the City of Los
Fresnos has filed a separate motion for summary judgment. The City of Los Fresnos is not a
party to this appeal. 

2. There is no evidence of any defamatory statements outside of the
March 2 meeting in the summary judgment materials.