**AFFIRM in part; REVERSE and RENDER in part; REMAND and Opinion filed December 19th, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00289-CV**

**ERICA ROSE, Appellant**

**V.**

**CHRIS WASH, Appellee**

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 109502-CC2**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein,[1] and Smith
Opinion by Justice Smith

This is an interlocutory appeal from the trial court's denial of a Texas Citizen's Participation Act (TCPA) motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. §27.003(a). Appellee Chris Wash,[2] asserting claims of defamation and tortious interference, alleged that appellant Erica Rose made misrepresentations regarding Wash's conduct that harmed him and his relationship with his children.

---

[1] The Honorable Leslie Osborne participated in the submission of this case; however, she did not participate in issuance of this memorandum opinion due to her resignation on October 24, 2022. The Honorable Bonnie Goldstein has substituted for Justice Osborne in this case. *See* TEX. R. APP. P. 41.1 (a), (b)(1). Justice Goldstein has reviewed the briefs and the record before the Court.

[2] Wash has not filed a brief in this appeal.

In a single issue, Rose contends the trial court erred in denying her motion to dismiss because the motion was timely filed; Wash's claims are based on or in response to Rose's exercise of her right to petition; Wash failed to establish a prima facie case for each element of his claims or a TCPA exemption; and the judicial-proceedings privilege bars Wash's claims. We affirm the trial court's order in part, reverse the order in part, and render a partial dismissal of Wash's claims.

## Background

In support of his claims for defamation and tortious interference, Wash alleged the following in his petition. He and Rose had a dating relationship and were cohabitating until June 2021, when he requested that she move from their residence. Thereafter, Rose "made false, willful and intentional material misrepresentations to the two mothers of [Wash's] children, regarding [Wash's] conduct involving his children. As a result of such false and willful misrepresentations, both mothers . . . separately filed modification lawsuits against [Wash], including requesting Temporary Restraining Orders." In those lawsuits, the mothers relied "almost exclusively" on an affidavit provided by Rose that "contain[ed] false and misleading statements" for which Rose "had no personal knowledge." Rose provided the false statements to "retaliate against and try to punish" Wash for ending their relationship. Wash "is in possession of texts and emails from [Rose] that clearly show [she] has made false and misleading statements against [Wash]."

–2–

Rose filed a TCPA motion to dismiss Wash's claims. In the motion, Rose asserted that all of Wash's claims are based on, relate to, or are in response to communications she made (1) in connection with a matter of public concern (i.e., the right of free speech); (2) between the mothers of Wash's children who jointly express a common interest (i.e., the right of association); and/or (3) in judicial proceedings. Rose further contended that Wash cannot establish by clear and specific evidence a prima facie case for each element of his claims and, therefore, the claims must be dismissed.

Wash responded that the TCPA does not apply to his claims against Rose because her TCPA motion was untimely and his claims are exempt from the TCPA because the underlying custody modification proceedings described in his petition are legal actions filed under Title 1, 2, 4, or 5 of the Family Code. Wash further asserted that Rose's "involvement in the two custody proceedings" were "just the tip of the iceberg" and he intended to amend his petition in "the next few weeks" to provide more information. Wash did not amend his petition.

Following a hearing,[3] the trial court denied Rose's motion to dismiss. This interlocutory appeal followed.

---

[3] A reporter's record of the hearing has not been filed in this appeal, but the trial court's order denying Rose's motion to dismiss recites that the trial court "hear[d] from the respective attorneys" at the hearing and, thus, indicates the hearing was non-evidentiary.

## TCPA Framework and Standard of Review

"The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding). To that end, it provides a burden-shifting procedure for early dismissal of groundless legal actions that impinge on the right of free speech, the right to petition, and the right of association. CIV. PRAC. & REM. §§ 27.001(2)–(4), 27.003, 27.005; *Greer v. Abraham*, 489 S.W.3d 440, 442 (Tex. 2016). A TCPA movant bears an initial burden of demonstrating that the legal action is based on or in response to the movant's exercise of the right of free speech, the right to petition, or the right of association. CIV. PRAC. & REM. § 27.005(b). If the movant carries its burden, the nonmovant then must either (1) establish that the legal action is exempt from the TCPA, or (2) establish by "clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* §§ 27.005(c), 27.010. If the nonmovant establishes a prima facie case, the movant still may prevail by establishing an affirmative defense or other grounds entitling the movant to judgment as a matter of law. *Id.* at § 27.005(d).

We review de novo a trial court's ruling on a TCPA motion, considering the pleadings, evidence that a court could consider under Texas Rule of Civil Procedure 166a, and supporting and opposing affidavits stating the facts on which the liability or defense is based. *See id.* § 27.006(a); *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). A plaintiff's pleadings are "the best and all-sufficient

evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (citation omitted). We consider the pleadings, evidence, and supporting and opposing affidavits in the light most favorable to the nonmovant. *QBE Americas, Inc. v. Walker*, No. 05-20-00439-CV, 2021 WL 1976459, at *2 (Tex. App.—Dallas May 18, 2021, no pet.) (mem. op.); *Stallion Oilfield Servs., Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 214 (Tex. App.—Eastland 2019, pet. denied). "When a legal action is in response to actions both protected and unprotected under the TCPA, the entire suit is not subject to dismissal; only that part relating or responding to the protected action is." *W. Mktg., Inc. v. AEG Petroleum, LLC*, 616 S.W.3d 903, 911 (Tex. App.—Amarillo 2021), *modified on reh'g on other grounds*, 621 S.W.3d 88 (Tex. App.—Amarillo 2021, pet. denied).

## Timeliness of TCPA Motion

In response to Rose's TCPA motion, Wash first argued that the motion was untimely. A motion to dismiss under the TCPA must be filed not later than the 60th day after the date of service of a legal action. *See* CIV. PRAC. & REM. § 27.003(b); *Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021). Wash asserted the motion was filed sixty-two days after Rose was served with the petition. The record, however, shows that Wash's petition was served on Rose on Thursday, November 18, 2021, and Rose's TCPA motion was file-stamped January 18, 2022, sixty-one (and not sixty-two) days after she was served. January 17, 2022, was a legal holiday, Martin Luther King, Jr. Day, and, therefore, was not included in computing the

–5–

deadline for filing the motion. *See* Tex. R. Civ. P. 4 ("The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday."). Accordingly, Rose's deadline for filing the motion to dismiss was extended to January 18, 2022, and the motion was timely.

### Right to Petition

Rose asserts that, as movant, she satisfied her initial burden to demonstrate that Wash's legal action against her is based on or in response to her exercising her right to petition because his claims are factually predicated on communications made in judicial proceedings. *See* Civ. Prac. & Rem. § 27.005(b). We agree in part.

The "exercise of the right to petition" includes a communication "in or pertaining to" a judicial proceeding. *Id.* § 27.001(4)(A)(i); *see Porter-Garcia v. Travis Law Firm, P.C.*, 564 S.W.3d 75, 84 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("The TCPA broadly defines '[e]xercise of the right to petition' to include a communication pertaining to a judicial, official, or governmental department proceeding"). A "communication" is defined as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Civ. Prac. & Rem. § 27.001(1). The ordinary meaning of the phrase "pertaining to" is "relating directly to or concerning or having to do with." *Jetall Cos., Inc. v. Johanson*, No. 01-19-00305-CV, 2020 WL 6435778, at *3 (Tex. App.—Houston [1st Dist.] Nov. 3, 2020, no pet.) (mem. op.). A "judicial

proceeding" is "any proceeding initiated to procure an order or decree, whether in law or in equity." *See Levatino v. Apple Tree Cafe Touring, Inc.*, 486 S.W.3d 724, 729 (Tex. App.—Dallas 2016, pet. denied) (citation omitted).

Wash explicitly alleged that Rose provided an affidavit containing false and misleading representations in two custody modification lawsuits that mothers of Wash's children filed against him. The record shows that Rose actually provided an affidavit in one proceeding and a personal statement by email in the second proceeding.[4]

Considering Wash's pleading and the relevant statutory definitions, we conclude Rose was exercising her right to petition by providing the affidavit and personal statement in judicial proceedings. *See Beving v. Beadles*, 563 S.W.3d 399, 406 (Tex. App.—Fort Worth 2018, pet. denied) (deposition and affidavit testimony provided in underlying lawsuit constitute communication made in judicial proceeding, an exercise of right to petition protected by TCPA). We further conclude that she established a nexus between Wash's claims against her and the affidavit and personal statement; indeed, Wash pleaded in his petition that the mothers relied almost exclusively on an affidavit in the custody modification proceedings and Rose provided it with the intent to harm Wash and his relationship

---

[4] The affidavit was an attachment to an Original Petition to Modify Parent-Child Relationship and Application for Temporary Restraining Orders filed in Cause No. 100459-422, styled *In the Interest of B.J.W.* and pending in the 422nd Judicial District Court of Kaufman County, Texas. The email personal statement was an attachment to a Petition to Modify Parent-Child Relationship (with Ex Parte Request for Emergency Temporary Restraining Order and Request for Temporary Orders) filed in Cause No. 380-50527-2012, styled *In the Interest of G.C.W.* and pending in the 380th Judicial District Court of Collin County, Texas.

with his children.  *See, e.g.*, *Collins v. Collins*, No. 01-17-00817-CV, 2018 WL 1320841, at *3–4 (Tex. App.—Houston [1st Dist.] Mar. 15, 2018, pet. denied) (mem. op.).  Accordingly, Rose met her initial burden of demonstrating that Wash's legal action, to the extent he seeks to recover for Rose's communications in the affidavit and personal statement, is based on or in response to Rose's exercising her right to petition.  CIV. PRAC. & REM. § 27.005(b).

However, Wash also alleged that, before submitting the affidavit, Rose made false, willful, and intentional material misrepresentations to the mothers regarding his conduct involving his children and, as a result of those misrepresentations, the mothers filed the custody modification lawsuits.  As to these communications, there is no evidence to demonstrate that they were made in or pertaining to a pending judicial proceeding.  *See Levatino*, 486 S.W.3d at 728–29 (ordinary meaning of "a judicial proceeding" is "an actual, pending judicial proceeding" and does not include anticipated or potential future judicial proceedings).  Accordingly, we conclude that Rose has not established that the TCPA applies to these communications, and the trial court, as to these communications, properly denied Rose's motion to dismiss.

On appeal, Rose has limited her argument to the right to petition and, therefore, we only consider the TCPA's applicability to her communications on that basis.  *See* TEX. R. APP. P. 47.1.

## Section 27.010(a)(6) Exemption

To the extent Rose demonstrated that the TCPA applies to Wash's claims, the burden shifted to Wash to establish either (1) that his legal action is exempt from the TCPA, or (2) a prima facie case for each essential element of his claims. CIV. PRAC. & REM. §§ 27.005(c), 27.010. Wash, in his response, did not set out a prima facie case for each element of his claims. Instead, he asserted that his claims are exempt from the TCPA under section 27.010(a)(6), citing to the "the underlying [custody modification proceedings] set out" in his petition and his "[p]leadings."

Under section 27.010(a)(6), legal actions filed under Title 1, 2, 4, or 5, of the Family Code are exempt from the TCPA.[5] CIV. PRAC. & REM. § 27.010(a)(6). Wash's legal action, however, seeks damages for defamation and tortious interference. Although the facts underlying his claims involve custody modification proceedings and related temporary restraining orders, his legal action against Rose is not an action filed under the Texas Family Code. Accordingly, Wash did not establish that his legal action is exempt from the TCPA.

## Judicial-Proceedings Privilege

Rose next asserts that, even had Wash established a prima facie case for each essential element of his claims, the communications in her affidavit and personal

---

[5] Title 1 of the Texas Family Code governs suits involving the marriage relationship. TEX. FAM. CODE ANN. §§ 1.001–9.302. Title 2 governs suits involving a child in relation to the family. *Id*. §§ 31.001–47.003. Title 4 governs suits for protective orders involving family violence. *Id*. §§ 71.001–93.004. Title 5 governs suits involving the parent-child relationship. *Id*. §§ 101.001–266.013. None of these statutes apply to Wash's legal action against Rose.

–9–

statement are protected pursuant to the judicial-proceedings privilege and cannot serve as the basis for Wash's claims.[6] We agree.

"Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made." *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46 (Tex. 2021) (quoting *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982) (per curiam)). The judicial-proceedings privilege is an absolute privilege covering "any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *Id*. It is "'more properly thought of as an immunity' from a claim that contains allegations of reputational harm from a communication in a judicial proceeding." *Rossa v. Mahaffey*, 594 S.W.3d 618, 628 (Tex. App.—Eastland 2019, no pet.) (quoting *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015)). The privilege applies not only to libel and slander claims; it also can extend to other torts,

---

[6] Generally, a party is required to plead the judicial-proceedings privilege because it is a defense meant to avoid or affirmatively defend against certain claims. *See* TEX. R. CIV. P. 94; *see also Marble Ridge Capital LP v. Neiman Marcus Grp. Inc.*, 611 S.W.3d 113, 129 (Tex. App.—Dallas 2020, pet. dism'd). The requirement that an affirmative defense be pleaded is not absolute. *See Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992) (parental immunity not waived when defense was apparent on face of claimant's pleading and established as a matter of law). Rose did not plead the judicial-proceedings privilege in her answer. However, because Wash's petition specifically pleaded that the affidavit was used in the custody modification proceedings, we determine that Rose has not waived the defense. *Id.*; *see also Marble Ridge Capital LP*, 611 S.W.3d at 130 (when parties did not raise the pleading issue, this Court assumed, without deciding, that trial court could have granted TCPA motion based on judicial-proceedings privilege raised only in motion to dismiss).

–10–

including tortious-interference claims, when the claims are based on an allegedly defamatory communication in a judicial proceeding. *Howard v. Matterhorn Energy, LLC*, 628 S.W.3d 319, 333–34 (Tex. App.—Texarkana 2021, no pet.); *5-State Helicopters, Inc. v. Cox*, 146 S.W.3d 254, 259 (Tex. App.—Fort Worth 2004, pet. denied) (judicial-proceedings privilege applied to tortious interference with contract claim when plaintiff sought "defamation-type damages based on the allegedly libelous communications").

Whether an allegedly defamatory communication is related to a judicial proceeding is a question of law, and we must resolve all doubt in favor of the privilege. *Rossa*, 594 S.W.3d at 628. We consider the entire communication in its context and extend the privilege to statements bearing some relation to the judicial proceeding. *Id.*

Here, Wash seeks to recover for harm to his reputation based on communications Rose made in the affidavit and personal statement in the custody modification proceedings. Because the communications were made in judicial proceedings, they are absolutely privileged and cannot serve as the basis for Wash's defamation and tortious interference claims against Rose. *See id*.

In sum, Wash failed to establish a prima facie case for each essential element of his claims or that his legal action is exempt from the TCPA. *See* CIV. PRAC. & REM. § 27.005(c). Even had Wash met his burden to establish a prima facie case, Rose established that the judicial-proceedings privilege applies to bar Wash's claims

in part. *See* CIV. PRAC. & REM. § 27.005(d). Accordingly, we sustain Rose's sole issue as to the allegations in the petition regarding the affidavit and personal statement Rose provided in the custody modification proceedings. Otherwise, we overrule the issue. *See W. Mktg., Inc.*, 616 S.W.3d at 911 (only that part of suit relating or responding to protected action is subject to dismissal under TCPA).

## Conclusion

We reverse the trial court's denial of Rose's TCPA motion to dismiss as to the allegations in Wash's petition regarding communications Rose made in the affidavit or personal statement provided in the custody modification proceedings and render a partial judgment of dismissal of Wash's claims. In all other respect, we affirm the trial court's order denying Rose's TCPA motion to dismiss. We remand this cause to the trial court for further proceedings consistent with this opinion.

/Craig Smith/
CRAIG SMITH
JUSTICE

220289F.P05

–12–



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ERICA ROSE, Appellant

No. 05-22-00289-CV     V.

CHRIS WASH, Appellee

On Appeal from the County Court at Law No. 2, Kaufman County, Texas Trial Court Cause No. 109502-CC2. Opinion delivered by Justice Smith. Justices Nowell and Goldstein participating.

In accordance with this Court's opinion of this date, we **REVERSE** the denial of the motion to dismiss as to the allegations in the petition regarding statements Rose made in the affidavit and personal statement provided in the custody modification proceedings and **RENDER** a partial judgment of dismissal of those causes of actions. In all other respects, we **AFFIRM** the trial court's order denying Rose's motion to dismiss pursuant to the Texas Citizen Participation Act. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 19th day of December 2022.