

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00072-CV

---

STEPHEN PATRICK BLACK, APPELLANT

V.

CHARLES P. WOODRICK, APPELLEE

---

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCV-20106-19, Honorable Scott Say, Presiding

---

November 1, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Stephen Patrick Black, appeals from the trial court's order granting summary judgment in favor of Appellee, Charles P. Woodrick, which dismissed his libel suit with prejudice.[1] Appellant challenges the summary judgment as follows: (1) collateral estoppel does not apply; (2) Woodrick did not establish statutory immunity as a matter of law; (3) Woodrick is not entitled to derived judicial immunity; and (4) Woodrick is not entitled to the judicial proceedings privilege. We affirm.

---

[1] Black proceeded pro se in the trial court but is represented by counsel in this appeal.

## BACKGROUND

Black is civilly committed pursuant to the Sexually Violent Predators Act.  TEX. CIV. PRAC. & REM. CODE ANN. §§ 841.001–.151.  Woodrick is a licensed psychologist under contract with the Texas Civil Commitment Office (TCCO) to perform psychological evaluations under chapter 841 of the Act.

In 2018, Woodrick performed a biennial review of Black and filed his written report entitled "Biennial Risk Assessment for Civil Commitment."  Black contends the report is libelous because it inaccurately recites he has five counts for indecency with a child instead of the one count for which he was convicted.  According to Black, he requested correction of the alleged inaccuracy to no avail.  He sued Woodrick for libel based on the alleged incorrect recitation in the report.[2]

Woodrick moved to dismiss Black's suit under Rule 91a of the Texas Rules of Civil Procedure and chapter 27 of the Texas Civil Practice and Remedies Code.  A hearing was held on July 5, 2019, but the trial court did not sign an order of dismissal until January 16, 2020.  On appeal, this Court reversed the order of dismissal because the time in which to grant a dismissal under either Rule 91a or chapter 27 expired and the case was remanded for further proceedings.  *See Black v. Woodrick*, No. 07-20-00083-CV, 2021 Tex. App. LEXIS 2197, at *6 (Tex. App.—Amarillo March 23, 2021, no pet.) (mem. op.).

On remand, Woodrick filed two separate motions for summary judgment asserting Black's libel suit was barred by issue preclusion/collateral estoppel, statutory immunity, derived judicial immunity, and the judicial proceedings privilege.  As summary judgment

---

[2] The record of the hearing shows that although Black had been charged with various other sexual offenses, he pleaded to only one count of indecency with a child.

2

evidence, Woodrick included a certified copy of the *Final Judgment* and *Order of Commitment* finding Black to be a sexually violent predator and ordering his civil commitment, a copy of section 841.147 of the Texas Civil Practice and Remedies Code providing for statutory immunity from liability for good faith conduct to a person under contract for services under chapter 841, and a copy of the opinion in *Black v. Turner*, 779 Fed. Appx. 231 (5th Cir. 2019), in which the Court found Turner, an expert, immune from suit under section 841.147. Black responded to the summary judgment motion by alleging a material fact issue existed. He further alleged Woodrick had not proven entitlement to summary judgment as a matter of law under any of the affirmative defenses raised in his motion.[3]

## STANDARD OF REVIEW

We review a grant of a traditional summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316–17 (Tex. 2019). In conducting our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law. *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 865 (Tex. 2018); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

---

[3] Woodrick did not raise any of his affirmative defenses in his original answer. Although Black asserts those defenses may have been waived, we disagree. An unpleaded affirmative defense may serve as a basis for summary judgment when it is raised in the summary judgment motion and the opposing party does not object. *See Roark v. Stallworth Oil & Gas*, 813 S.W.3d 492, 494 (Tex. 1991). Black did not object prior to rendition of the summary judgment.

A defendant moving for traditional summary judgment bears the burden of negating at least one essential element of the plaintiff's cause of action or conclusively establish all the elements of an affirmative defense and that it is entitled to judgment as a matter of law. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). If the movant meets its burden, the burden then shifts to the nonmovant to raise a fact issue precluding summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

When, as here, the trial court's order does not specify the grounds for summary judgment, we must affirm the judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Knott*, 128 S.W.3d at 216. When the trial court's summary judgment does specify the ground on which it was granted, we generally limit our review to that ground. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex. 1996).

We address Black's issues in a logical rather than sequential order.

**ISSUE FOUR—JUDICIAL PROCEEDINGS PRIVILEGE**

Texas recognizes an absolute privilege to communications made as part of a judicial proceeding. *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 655 (Tex. 2015). "Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for slander or libel." *See Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (1942). *See also Johnson v. Tepper*, No. 07-23-00146-CV, 2023 Tex. App. LEXIS 5858, at *6 (Tex. App.—Amarillo Aug. 7, 2023, pet. filed) (mem. op.) (finding

4

sworn statements made by defendant during a hearing before an appraisal review board were privileged communications made as part of a judicial proceeding and could not form the basis of a defamation suit). The privilege attaches to all aspects of the proceeding including pleadings or other papers in the case. *James v. Brown*, 637 S.W.2d 914, 916–17 (Tex. 1982) (finding doctor's report to a probate judge in mental health proceeding was absolutely privileged because it was written in contemplation of a judicial proceeding).

Section 841.101(b) of the Act provides for an expert's report of the biennial examination to be provided to the judge in preparation of judicial review. § 841.101(b). The *Order of Commitment* recites that TCCO shall provide the expert report of the biennial examination to the trial court pursuant to section 841.101. Although Woodrick is not appointed by the trial court, the statute mandates that his report be provided to the trial court to assist in the judicial review process. § 841.101(b).

Relying on *Hurlbut v. Gulf Atlantic Life Insurance Co.*, 749 S.W.2d 762 (Tex. 1987), Black maintains Woodrick is not shielded from liability under the judicial proceedings privilege because he did not provide any evidence he testified as a witness in a judicial proceeding. Black also contends Woodrick is not immune from suit because he did not directly provide his report to the trial court as was done in *James*; rather, Woodrick provided his report to TCCO who acted as an intermediary between Woodrick and the court.

Black's arguments fail. The judicial proceedings privilege extends to "any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pretrial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *James*, 637

5

S.W.2d at 916–17 (citing RESTATEMENT (SECOND OF TORTS § 588)). *See also W. Mktg. v. AEG Petroleum, LLC*, 616 S.W.3d 903, 917 (Tex. App.—Amarillo 2021), *modified on reh'g*, 621 S.W.3d 88 (Tex. App—Amarillo 2021, pet. denied). Although Woodrick was not a witness at the time he prepared his report, he could have potentially been a witness if the trial court had set a hearing under section 841.102(c) after determining at the biennial review that Black's conditions of commitment should be modified. Thus, Woodrick's report is a communication made in connection with and related to a judicial proceeding, and is therefore absolutely privileged. *See IBP*, *Inc. v. Klumpe*, 101 S.W.3d 461, 470 (Tex. App.—Amarillo 2001, pet. denied).

The summary judgment evidence established Woodrick's report was subject to the judicial proceedings privilege. Thus, Woodrick established an affirmative defense as a matter of law which shifted the burden to Black to raise a fact issue which he did not satisfy. Because the trial court's summary judgment did not specify the ground on which it was granted, we may affirm on any viable theory presented. Issue four is overruled and we need not address issues one, two, or three.

### CONCLUSION

The trial court's *Order Granting Second Motion for Summary Judgment* is affirmed.


Alex Yarbrough
Justice


6