**Wayne A. WATSON, Appellant,**

v.

**Robert KAMINSKI, Smith Corona Corporation, and Griggs & Harrison, P.C., Appellees.**

No. 01–00–00329–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 5, 2001.

Rehearing Overruled Aug. 10, 2001.

Wayne Watson for Appellant.

Robert L. Kaminski, Stephen A. Roberts, Austin, for Appellees.

Panel consists of Justices COHEN, WILSON, and PRICE.*

## OPINION

COHEN, Justice.

In 1999, appellant, a prison inmate, attempted to send an extortion demand to Smith Corona Corporation, but prison officials intercepted it and notified appellees. This occurred after appellant and Smith Corona had settled a lawsuit concerning appellant's Smith Corona word processor. Attorney Robert Kaminski represented Smith Corona in that case and responded to correspondence from Texas Department of Criminal Justice (TDCJ) officials informing him of the extortion attempt. Kaminski wrote a letter to TDCJ concerning the incident.

Appellant sued Kaminski, his employer Griggs & Harrison, P.C., and Smith Corona, claiming that Kaminski's letter defamed him. Appellant complained that Kaminski's letter defamed him by stating (1) that his lawsuit against Smith Corona was frivolous; (2) that appellant had alleged Smith Corona and TDCJ had conspired against him; (3) that, by settling the earlier litigation for $400, appellant had waived any right lawfully to seek money from Smith Corona; and (4) that appellant would attempt extortion again. Kaminski's allegedly defamatory statements (italicized), in their context, follow:

Today, I received the attached Correspondence/Contraband Denial Form informing my client, Smith Corona Corporation, that Mr. Watson [appellant] attempted to mail a letter containing plans to extort money from my client. I wish to inform you that Mr. Watson and my client recently resolved a *frivolous lawsuit filed by Mr. Watson* alleging that a Smith Corona typewriter he purchased from a prison commissary was defective, and further *alleging a conspiracy between Smith Corona and TDCJ–ID* to deny him warranty rights with respect to that product. In the context of the settlement, Mr. Watson

---

* The Honorable Frank Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

released any and all claims he may have had against my client, and further agreed to indemnify my client in the event any further claims were eventually brought. In other words, *Mr. Watson has already given up any right he might have to lawfully seek money from my client....*

Finally, to the extent it is appropriate under your rules, we would like to have a copy of the document Mr. Watson attempted to mail. *Given his history, we have every expectation that Mr. Watson will repeat his attempt with a more carefully worded correspondence.* In the event he does so, we would like to be in a position to fully inform either the criminal authorities or a civil court of Mr. Watson's true intentions.

Appellees filed a Rule 166a(c) motion for summary judgment, asserting that (1) their statements were absolutely privileged; (2) the evidence negated multiple elements of Watson's libel claim, including causation, defamatory meaning of the statement, and truth; and (3) appellant was libel-proof. The trial judge granted the motion without specifying grounds.

 In the first point of error, appellant contends the trial court erred by refusing to record the summary judgment hearing. That is not error. *See McConnell v. Southside Independent Sch. Dist.,* 858 S.W.2d 337, 342–43 (Tex.1993).

We overrule the first point of error.

In the second point of error, appellant contends the trial court erred in granting summary judgment. We conclude the judgment was proper because the statements were privileged.

 An attorney's statements made during litigation are not actionable as defamation, regardless of negligence or malice. *James v. Brown,* 637 S.W.2d 914, 916–17 (Tex.1982). This absolute privilege in-cludes communications made in contemplation of and preliminary to judicial proceedings:

Public policy demands that attorneys be granted the utmost freedom in their efforts to represent their clients. To grant immunity short of absolute privilege to communications relating to pending or proposed litigation, and thus subject an attorney to liability for defamation, might tend to lessen an attorney's efforts on behalf of his clients.

*Russell v. Clark,* 620 S.W.2d 865, 868–69 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *see also Helfand v. Coane,* 12 S.W.3d 152, 157 (Tex.App.—Houston [1st Dist.] 2000, pet. denied) (determining whether an out-of-court statement is absolutely privileged under *Russell* requires sufficient discovery). To be privileged, the communication must relate to pending or proposed litigation and must further the attorney's representation. *Russell,* 620 S.W.2d at 868–69. An absolute privilege does not extend to an attorney's communications outside of judicial proceedings. *Id.*

 Whether a statement relates to a proposed or existing judicial proceeding is a question of law. *Id.* at 870. The judge must consider the entire communication in its context and must extend the privilege to any statement that bears some relation to an existing or proposed judicial proceeding. *Id.* All doubt should be resolved in favor of the communication's relation to the proceeding. *Id.*

 Thus, we will examine the dispute's context. Appellant originally sued Smith Corona over an allegedly defective word processor, settled for $400, and released all claims against Smith Corona and its attorneys concerning the word processor.

Shortly thereafter, appellees received a letter from TDCJ stating that appellant had attempted to deliver to Smith Corona

a letter containing a plan to extort money. Specifically, appellant stated that he knew of numerous other prisoners with similar word processor problems, but he would not help them sue Smith Corona if he was paid $1,500. Kaminski then sent the letter quoted above to TDCJ.

Appellant contends that "a careful reading of Kaminski's letter illustrates that there was no mention of proposed litigation." This is not so. The letter's last sentence mentions litigation. Moreover, uncontroverted evidence established that appellees were considering addressing appellant's demands either by filing a lawsuit for breach of the settlement agreement, a motion to set aside the non-suit, or both.

Appellant seeks to distinguish the cases relied on by appellees by stating that "each of the cases relied on by appellee either specifically refers to pending litigation, or mentions proposed litigation."[1] None of these cases, however, held that the communication must set forth the specific litigation anticipated. We cannot conclude that Kaminski's letter bore no relation to a pending or anticipated legal proceeding. Resolving all doubt in favor of the communication's relation to a pending or anticipated legal proceeding, we hold that it was absolutely privileged. *See Russell,* 620 S.W.2d at 870. We need not address appellant's remaining contentions.

We overrule the second point of error.

We affirm the judgment.

---

1. The cases are *James v. Brown,* 637 S.W.2d 914 (Tex.1982); *Thomas v. Bracey,* 940 S.W.2d 340 (Tex.App.—San Antonio 1997, no writ); *Odeneal v. Wofford,* 668 S.W.2d 819 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); and *Russell v. Clark,* 620 S.W.2d 865 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e.).