NUMBER 13-01-204-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ELIZABETH G. KRISHNAN, M.D., Appellant,


v.



LAW OFFICES OF PRESTON HENRICHSON, P.C.

AND KATHERINE DRISCOLL JULIA, Appellees.

___________________________________________________________________


On appeal from the 93rd District Court


of Hidalgo County, Texas.


__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


Opinion by Justice Rodriguez



 Appellant, Elizabeth G. Krishnan, M.D., brings this appeal following a summary
judgment dismissing her defamation cause of action against appellees, Law Offices of
Preston Henrichson, P.C., and Katherine Driscoll Julia. (1) By three issues, appellant
contends the trial court erred by: (1) overruling her objections to appellees' summary
judgment evidence; (2) granting appellees' summary judgment; and (3) denying
appellant's motion for a partial summary judgment. We affirm.

I. BACKGROUND


 In May 1993, Belinda Rodriguez, approximately twenty weeks pregnant, arrived
at Knapp Medical Center complaining of pain in her abdomen. After Dr. Gonzalo
Caballero, Rodriguez's prenatal care physician, examined her, he determined that she
had a ruptured placenta. Because Dr. Caballero was not handling major obstetric
complications, he referred Rodriguez to appellant's care. Appellant performed an
emergency hysterectomy to stop the bleeding and to remove Rodriguez's placenta. 
Appellant also performed a cesarean section. Rodriguez's baby did not survive the
operation. During the years following the surgery, Rodriguez's attempts to become
pregnant were unsuccessful.

 In November 1998, Rodriguez underwent an exploratory laparoscopy to
determine the source of her infertility. The surgery revealed segments of Rodriguez's
fallopian tubes were missing. The only explanation for this was that, at some point
in time, a doctor had performed a bilateral tubal ligation. Rodriguez later received a
second opinion confirming the diagnosis. Because Rodriguez never consented to such
an operation or sterilization, she contacted appellees to seek legal remedies.

 On June 16, 1999, appellees sent separate notice letters to appellant, Dr.
Caballero, and Knapp Medical Center asserting a "health care liability claim." (2) 
However, in August 1999, appellees only filed suit against appellant and Knapp
Medical Center. (3) Appellant filed suit for defamation against appellees based on the
contents of the letter sent to Dr. Caballero. Appellees filed a traditional motion for
summary judgment and appellant filed a partial, traditional and no-evidence summary
judgment motion. The trial court granted appellees' summary judgment, denied
appellant's partial summary judgment, and dismissed appellant's defamation cause of
action. This appeal ensued.I. OBJECTIONS TO APPELLEES' SUMMARY JUDGMENT EVIDENCE

 By her first issue, appellant contends the trial court erred in overruling her
objections to appellees' summary judgment evidence. We review a trial court's
decision to admit or exclude summary judgment evidence under an abuse of discretion
standard. Larson v. Family Violence & Sexual Assault Prevention Ctr. of S. Tex., 64
S.W.3d 506, 511 (Tex. App.-Corpus Christi 2001, pet. denied); Ash v. Hack Branch
Distrib. Co., 54 S.W.3d 401, 409 (Tex. App.-Waco 2001, pet. denied).

A. Affidavit

 Appellant first objected to the affidavit of appellee, Katherine Driscoll Julia,
arguing the affidavit contained hearsay and conclusory statements. To constitute
competent summary judgment evidence, affidavits must be made on personal
knowledge, set forth facts as would be admissible in evidence and show affirmatively
that the affiant is competent to testify to matters stated therein. Tex. R. Civ. P.
166a(f); Larson, 64 S.W.3d at 511. An affidavit by an interested party must be clear,
positive and direct, credible and free from contradictions and inconsistencies, and
capable of being readily controverted. Tex. R. Civ. P. 166a(c). An affidavit supporting
or opposing a motion for summary judgment must set forth facts, not legal
conclusions. Larson, 64 S.W.3d at 514 n.6; Hall v. Rutherford, 911 S.W.2d 422, 424
(Tex. App.-San Antonio 1995, writ denied). Statements of subjective belief are no
more than conclusions and are not competent summary judgment evidence. Tex. Div.-Trantor, Inc. v. Carrozza, 876 S.W.2d 312, 314 (Tex. 1994).

 Appellant argues the following statement made in Julia's affidavit is conclusory:
"I drafted each of these letters in good faith. . . . I had every intention of bringing suit
against each . . . of these health care providers, including Dr. Caballero. . . ." Because
this statement is based on Julia's subjective belief, we conclude this statement is not
competent summary judgment evidence. See id. The trial court abused its discretion
and erred in overruling appellant's objection. See Larson, 64 S.W.3d at 511. We will
not consider this portion of the affidavit. See Great Am. Reserve Ins. Co. v. San
Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965); Montemayor v.
Chapa, 61 S.W.3d 758, 762 (Tex. App.-Corpus Christi 2001, no pet.). 

 However, the remaining portions of Julia's affidavit do constitute competent
summary judgment evidence. See Grotjohn Precise Connexiones Int'l v. JEM Fin., Inc.,
12 S.W.3d 859, 867 (Tex. App.-Texarkana 2000, no pet.); Muhm v. Davis, 580
S.W.2d 98, 102 (Tex. Civ. App.-Houston [1st Dist.] 1979, writ ref'd n.r.e.). For
instance, Julia's affidavit affirmatively sets out that she has personal knowledge of
facts which led her to write the letter to Dr. Caballero. See Ryland Group v. Hood,
924 S.W.2d 120, 122 (Tex. 1996). Additionally, Julia's assertions regarding her
personal knowledge and experience as an attorney, and as the attorney for Rodriguez,
show her competence to testify about why she sent the article 4590i letter to Dr.
Caballero and why a suit was not subsequently filed against him. See Esquivel v.
Mapelli Meat Packing Co., 932 S.W.2d 612, 618 (Tex. App.-San Antonio 1996, writ
denied). Finally, the affidavit sets forth admissible facts. Larson, 64 S.W.3d at 512. 
We conclude the remaining portion of Julia's affidavit is competent summary judgment
evidence. See Muhm, 580 S.W.2d at 102. 

 Appellant next argues the trial court erred by denying her objection to Julia's
affidavit because of alleged hearsay statements. "'Hearsay' is a statement, other than
one made by the declarant while testifying at the trial or hearing, offered in evidence
to prove the truth of the matter asserted." Tex. R. Evid. 801(d). In this instance, Julia
was simply outlining the reasons why she wrote the letter to Dr. Caballero. She was
not attempting to prove appellant did in fact perform an unauthorized bilateral tubal
ligation. We conclude this objection had no merit and was properly denied by the trial
court. B. Medical Records

 Appellant argues the trial court erred in denying her objection to the medical
records attached as an exhibit to Julia's affidavit. Appellant objected to alleged
hearsay statements in the medical records and because the records were not sworn
or certified.

 Rule 166a(f) of the Texas Rules of Civil Procedure states that copies of papers
referred to in summary judgment affidavits must be sworn or certified. Republic Nat'l
Leasing Corp. v. Schindler, 717 S.W.2d 606, 607 (Tex. 1986) (citing to former rule
166-A(e), now rule 166a(f)). Copies of documents which are attached to a properly
prepared affidavit are sworn copies within the meaning of rule 166a(f). Id. (citing
Zarges v. Bevan, 652 S.W.2d 368, 369 (Tex. 1983)). In this instance, Julia stated
in her affidavit that the medical report was a true and correct copy given to her by
Rodriguez. Furthermore, we have already held Julia's affidavit is competent summary
judgment evidence, without considering the portion that is not competent evidence. 
Therefore, we conclude the attached medical records satisfy the requirements of rule
166a(f). See id. Additionally, appellant's hearsay objections do not have any merit
because none of the statements in the records were used to prove the truth of the
matter asserted. See Tex. R. Evid. 801(d). The trial court properly overruled
appellant's objections to the medical records.

C. Pleadings

 Appellant argues the trial court erred in denying her objection to two pleadings
attached to Julia's affidavit. Pleadings do not constitute summary judgment evidence 
and should not be considered in determining whether fact issues are expressly
presented in summary judgment motions. City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979). However, in this instance, Julia did not attach
the pleadings to prove a fact issue or contention. Rather, she attached the pleadings
as a reference to a pending case she had previously referred to in her affidavit. Julia's
affidavit states, in part, 

[W]e filed suit on behalf of Mrs. Rodriguez and her husband, Jesus,
against Knapp Medical Center and Dr. Elizabeth Krishnan. That suit,
Cause No. C-4524-99-B; Rodriguez v. Krishnan, et al., is currently
pending in the 93rd District Court, Hidalgo County, Texas. True and
correct copies of Plaintiffs' Original Petition and the most current pleading
are attached hereto as "Exhibits 11-12."

 

Appellant fails to cite to, and we do not find, any cases that have held pleadings from
another case cannot be used to prove the existence of the pending case. Furthermore,
appellant did not object to the portion of Julia's affidavit where she attests to the
pending case. Thus, the trial court had judicial notice of the pending case whether or
not the trial court considered the attached pleadings. See Tex. R. Civ. P. 166a(f);
Schindler, 717 S.W.2d at 607. We conclude the trial court did not err in overruling
appellant's objection.

D. Rodriguez's Affidavit

 Finally, appellant objected to Rodriguez's affidavit because of alleged hearsay
statements, and because the affidavit was not sworn or certified. Upon review of the
affidavit, it is clear the affidavit was sworn and certified in compliance with rule
166a(f). See Tex. R. Civ. P. 166a(f). Furthermore, none of the statements in the
affidavit were made or used to prove the truth of the matter asserted; the statements
are not being used to actually prove that certain procedures were actually performed
on Rodriguez, but rather only what Rodriguez told Julia prior to sending the 4590i
letters. See Tex. R. Evid. 801(d). We conclude both objections had no merit and the
trial court properly overruled each objection. Appellant's first issue is sustained as to
her conclusory statement objection to Julia's affidavit and is overruled as to her
remaining objections.II. BASIS FOR GRANTING SUMMARY JUDGMENT

 By her second issue, appellant contends the trial court erred by granting
appellees' motion for summary judgment.

 The granting of a summary judgment is proper if the summary judgment proof
establishes as a matter of law that there is no genuine issue of material fact as to one
or more of the essential elements of the plaintiff's causes of action, or whether the
defendant has established all elements of an affirmative defense. See Walker v. Harris,
924 S.W.2d 375, 377 (Tex. 1996); Crain v. Smith, 22 S.W.3d 58, 60 (Tex.
App.-Corpus Christi 2000, no pet.). In determining whether a genuine issue of
material fact exists, we view as true all evidence favorable to the non-movant and all
reasonable inferences must be indulged in the non-movant's favor. See Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Vargas v. K.K.B., Inc., 52
S.W.3d 250, 254 (Tex. App.-Corpus Christi 2001, pet. denied). A defendant moving
for summary judgment on an affirmative defense has the burden to conclusively
establish the defense. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex.
1997); Crain, 22 S.W.3d at 60. If the moving party has established its right to
summary judgment, the burden shifts to the non-moving party to present evidence that
would raise a genuine issue of material fact. Larson, 64 S.W.3d at 514. Summary
judgment may be obtained in a defamation case upon a proven plea of privilege. 
Thomas v. Bracey, 940 S.W.2d 340, 342 (Tex. App.-San Antonio 1997, no writ).

A. Absolute Privilege

 In their motion for summary judgment, appellees contended they had an
absolute privilege because the alleged defamatory statements in the letter were related
to, and in contemplation of, a judicial proceeding.

 Communications and publications made in the due course of a judicial
proceeding will not serve as the basis for a defamation action. See James v. Brown,
637 S.W.2d 914, 916-17 (Tex. 1982); Crain, 22 S.W.3d at 62. The immunity is
absolute even if the statement is false and uttered or published with express malice. 
Dallas Indep. Sch. Dist. v. Finlan, 27 S.W.3d 220, 238 (Tex. App.-Dallas 2000, pet.
denied), cert. denied, 122 S. Ct. 342 (2001). The privilege not only extends to
statements made during litigation, but also to statements made in contemplation of
and preliminary to judicial proceedings. See Watson v. Kaminski, 51 S.W.3d 825, 827
(Tex. App.-Houston [1st Dist.] 2001, no pet.); Finlan, 27 S.W.3d at 238. To be
privileged, the communication must bear some relationship to pending or proposed
litigation and must further the attorney's representation. Watson, 51 S.W.3d at 827
(citing Russell v. Clark, 620 S.W.2d 865, 868-69 (Tex. Civ. App.-Dallas 1981, writ
ref'd n.r.e.)); Helfand v. Coane, 12 S.W.3d 152, 157 (Tex. App.-Houston [1st Dist.]
2000, pet. denied); but see Bell v. Lee, 49 S.W.3d 8, 11 (Tex. App.-San Antonio
2001, no pet.) (privilege attaches if statement has some relationship to contemplated
proceeding, regardless of whether it in fact furthers representation).

 Whether an attorney's out-of-court statement is related to a proposed or existing
judicial proceeding is a question of law to be determined by the trial court. Finlan, 27
S.W.3d at 239. When deciding the issue, the trial court must consider the entire
communication in its context and extend the privilege to any statement that bears
some relationship to an existing or proposed judicial proceeding. Watson, 51 S.W.3d
at 827; Russell, 620 S.W.2d at 870. All doubt should be resolved in favor of the
communication's relevancy to the proceeding. Thomas, 940 S.W.2d at 343.

 In this case, appellees wrote a 4590i letter to Dr. Caballero alleging that he
committed negligence. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 4.01(a) (Vernon
Supp. 2002) (4590i letter provides written notice and is a requisite when asserting a
health care liability claim against a party). In the 4590i letter, appellees explained the
negligence claim against Dr. Caballero was based on the actions of appellant, who
allegedly performed a tubal ligation on Rodriguez without her consent. By providing
such details, appellees were merely informing Dr. Caballero of the negligence claim
they were contemplating filing against him; the letter and its contents were serving as
notice. See In re Fontenot, 13 S.W.3d 111, 114 (Tex. App.-Fort Worth 2000, no
pet.) ("The purpose of the [the 4590i letter] is to provide potential defendants and
their representatives a 60-day pre-suit period in which to gather information and
determine whether claims have merit and should be resolved without litigation."). The
4590i letter sent to Dr. Caballero also provided, "if this claim is not settled within sixty
(60) days from the date this notice is given, the [appellees] will commence legal action
against you to recover damages." Furthermore, appellees subsequently sent another
letter requesting all records, files, or other documents Dr. Caballero had in his
possession that related to the care provided for Rodriguez. This letter, along with the
4590i letter, show that appellees' statements regarding appellant were in
contemplation of a judicial proceeding.

 Appellees' later decision not to pursue the action against Dr. Caballero is
irrelevant. There is no requirement that a person actually get sued for the privilege to 
apply; only that the statements are related to a contemplated judicial proceeding. See
Crain, 22 S.W.3d at 63. Although Rodriguez stated in her deposition, which was
given approximately ten months after the 4590i letter was sent, that she did not
intend to sue Dr. Caballero, we cannot conclude from the facts of this case that Dr.
Caballero was never a prospective defendant. In appellee Julia's affidavit, she stated
that after the 4590i letter was sent, and after further research, the appellees decided
not to pursue a claim against Dr. Caballero. The Finlan court recently re-affirmed the
importance of an attorney's freedom to zealously represent their client:

Public policy demands that attorneys be granted the utmost freedom in
their efforts to represent their clients. To grant immunity short of
absolute privilege to communications relating to pending or proposed
litigation, and thus subject an attorney to liability for defamation, might
tend to lessen an attorney's efforts on behalf of his clients.


Finlan, 27 S.W.3d at 238. There is no evidence that before the letter was sent to Dr.
Caballero, Rodriguez informed appellees that she did not want to pursue a claim
against Dr. Caballero.

 Resolving all doubt in favor of the communication's relevancy to a pending and
contemplated proceeding, Thomas, 940 S.W.2d at 343, we find the trial court did not
err in concluding, as a matter of law, the statements were made in contemplation of
a proposed judicial proceeding. See Watson, 51 S.W.3d at 827; Crain, 22 S.W.3d at
63. Thus, appellees' statements in the letter sent to Dr. Caballero are absolutely
privileged. Appellant's second point of error is overruled. (4)

II. APPELLANT'S PARTIAL SUMMARY JUDGMENT

 In her third issue, appellant seeks review of her partial summary judgment
motion. When both sides move for summary judgment and the trial court grants one
motion and denies the other, the reviewing court should review both sides' summary
judgment evidence and determine all questions presented. FM Props. Operating Co.
v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000). However, before we may reverse
summary judgment for one party and render judgment for the other party, both parties
must have sought final judgment relief in their cross motions for summary judgment. 
CU Lloyd's of Tex. v. Feldman, 977 S.W.2d 568, 569 (Tex. 1998). Because appellant
has not filed a final summary judgment motion, we cannot render judgment. See id.;
Montgomery v. Blue Cross & Blue Shield of Tex., Inc., 923 S.W.2d 147, 152 (Tex.
App.-Austin 1996, writ denied). Appellant's third issue is overruled.

 We conclude the trial court did not err in granting appellees' summary judgment.
Accordingly, we affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 25th day of July, 2002.

 
1. Katherine Driscoll Julia is an attorney with the Law Offices of Preston Henrichson,
P.C. 
2. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 4.01(a) (Vernon Supp. 2002).
3. Rodriguez's suit against appellant and Knapp Medical Center is pending.
4. When the trial court grants a summary judgment without specifying the reasons, as
in this case, we will affirm if any of the theories asserted by appellees in its motion for
summary judgment have merit. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374,
380 (Tex. 1993). Thus, we need not address the remaining contentions in appellant's second
issue.