Opinion filed September 6, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed September 6, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00117-CV 

                                                    __________

 

                                      PETER H. EGGERT, Appellant

 

                                                             V.

 

                                       LEE
ROY GAITAN, Appellee

 



 

                                        On
Appeal from the County Court at Law

 

                                                           Erath County, Texas

 

                                                 Trial
Court Cause No. CV05957

 



 

                                             M
E M O R A N D U M   O P I N I O N

 

This is an appeal from the trial court=s order setting aside a default
judgment in favor of Peter H. Eggert and granting Lee Roy Gaitan=s motion for new trial.  We affirm.








Lee Roy Gaitan previously served as chief of
police in Dublin, Texas. 
On April 5, 2004, Gaitan gave a statement to Texas Ranger Joe Hutson
concerning a criminal case involving Marcos Gallardo.  Gallardo appealed his conviction to this
court, and the appeal was pending at the time of Gaitan=s
statement.[1]  Gaitan=s
statement was filed in this court as an exhibit to the State=s response to Gallardo=s application for writ of habeas
corpus.

On September 29, 2004, Eggert was indicted by an Erath County
grand jury for offering to confer a benefit to a witness in the Gallardo case
with the intent to influence the witness to testify falsely.  Eggert filed a verified petition to take
Gaitan=s
deposition to investigate a possible cause of action against Gaitan.  The trial court denied the petition.  On March 21, 2005, Eggert then filed his
first amended petition and request for disclosure alleging causes of action
against Gaitan for defamation and libel.

Eggert obtained a default judgment against Gaitan
on September 29, 2005.  Gaitan filed a
motion for new trial, and the trial court granted the motion.  On January 3, 2006, Eggert filed a motion to
compel the mental examination of Gaitan. 
The trial court denied Eggert=s
motion to compel Gaitan=s
mental examination and granted Gaitan=s
motion for summary judgment. 

In his first, second, and third issues on appeal,
Eggert complains that the trial court erred in setting aside his default
judgment and granting Gaitan=s
motion for new trial.   In his motion for
new trial, Gaitan claimed that the citation was defective.  Gaitan argued that the citation failed to
strictly comply with the Texas Rules of Civil Procedure in four ways:  (1) the return on citation was not verified,
(2) the citation does not contain the address of the plaintiff, (3) the return
does not reflect the time at which process server received citation, and (4)
the citation failed to unambiguously identify the correct pleading as being
attached.








The record must show strict compliance with the
rules of procedure governing service of citation and return of service.  Primate Constr., Inc. v. Silver, 884
S.W.2d 151, 152 (Tex.
1994).  There are no presumptions in
favor of valid issuance, service, and return of citation in an attack on a
default judgment.  Uvalde Country Club
v. Martin Linen Supply Co., 690 S.W.2d 884, 886 (Tex. 1985). 
Failure to affirmatively show strict compliance with the Rules of Civil
Procedure renders the attempted service of process invalid and of no
effect.  TAC Americas, Inc. v. Boothe,
94 S.W.3d 315, 319 (Tex.
App.CAustin
2002, no pet.).  A default judgment
cannot withstand direct attack by a defendant who complains that he was not
served in strict compliance with applicable requirements.  Wilson
v. Dunn, 800 S.W.2d 833, 836 (Tex.
1990).  Actual notice to a defendant,
without proper service, is not sufficient to convey upon the court jurisdiction
to render a default judgment.  Wilson, 800 S.W.2d
at 836‑37; N.C. Mut. Life Ins. Co. v. Whitworth, 124 S.W.3d 714,
721 (Tex. App.CAustin
2003, pet. den=d).

Tex. R.
Civ. P. 107 provides: 

The return of the officer or authorized person
executing the citation shall be endorsed on or attached to the same;  it shall state when the citation was served
and the manner of service and be signed by the officer officially or by the
authorized person.  The return of
citation by an authorized person shall be verified.

 

The return on the citation was signed by Kenneth Haley as an
authorized person.  Pursuant to Rule 107,
Haley=s
signature was required to be verified. 
The record does not show that Haley=s
signature was verified.  The record in
this case does not support an implicit amendment of the citation return. See
Higginbotham v. Gen. Life & Accident Ins. Co., 796 S.W.2d 695 (Tex. 1990).  The citation does not strictly comply with
the Texas Rules of Civil Procedure, and the trial court did not err in granting
Gaitan=s motion for
new trial and setting aside the default judgment.  Eggert=s
first, second, and third issues on appeal are overruled.

In his fourth issue on appeal, Eggert complains
that the trial court erred in denying his motion to compel the mental
examination of Gaitan.  Tex. R. Civ. P. 204.1(c)(1) provides
that a trial court may issue an order compelling a mental examination Aonly for good cause shown@ and only Awhen
the mental or physical condition (including the blood group) of a party . . .
is in controversy.@

In his motion to compel the mental examination,
Eggert argued that Gaitan Awillfully
and deliberately lied@
in his statement to Texas Ranger Hutson. 
Eggert further argued that Gaitan perjured himself when he testified
under oath in a criminal trial.  Gaitan
contends that the affirmative defenses of absolute privilege and qualified
privilege apply to his statements.








Communications made in the due course of a
judicial proceeding will not serve as the basis of a civil action for libel or
slander, regardless of the negligence or malice with which they are made.  James v. Brown, 637 S.W.2d 914, 916 (Tex. 1982).  This privilege extends to any statements made
by the judges, jurors, counsel, parties, or witnesses and attaches to all
aspects of the proceedings, including statements made in open court, pretrial
hearings, depositions, affidavits, and any of the pleadings or other papers in
the case.  James, 637 S.W.2d at
916‑917.  The privilege not only
extends to statements made during litigation but also to statements made in
contemplation of and preliminary to judicial proceedings.  See Watson v. Kaminski, 51 S.W.3d 825,
827 (Tex.
App.C Houston
[1st Dist.] 2001, no pet.).  We find that
Gaitan=s mental
condition was not in controversy.  The
trial court did not err in denying Eggert=s
motion to compel the mental examination of Gaitan.  Eggert=s
fourth issue on appeal is overruled.  We
have considered all of Eggert=s
contentions on appeal, and all are overruled.

The judgment of the trial court is affirmed.

 

 

PER CURIAM

 

September 6, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Gallardo=s conviction was affirmed on September 30, 2004.