

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-21-00284-CV

Ronald Dean **STRICKLAND**,
Appellant

v.

**IHEARTMEDIA**, Inc., and Stephen L. Schaefer
Appellees[1]

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CVDO-21-0000063
Honorable M. Rex Emerson, Judge Presiding

Opinion by:      Patricia O. Alvarez, Justice

Sitting:           Patricia O. Alvarez, Justice
                    Luz Elena D. Chapa, Justice
                    Lori I. Valenzuela, Justice

Delivered and Filed: January 11, 2023

AFFIRMED

Appellant Ronald Dean Strickland sued Appellees iHeartMedia, Inc. and Attorney Stephen L. Schaefer for defamation based on a statement contained in a judicial pleading. The appellees moved to dismiss the lawsuit under Rule 91a of the Texas Rules of Civil Procedure for failing to state a claim on which relief could be granted. The trial court dismissed Strickland's causes of action, and it awarded attorney's fees to Appellees. Strickland appeals.

---

[1] Appellant also listed "John and Jane Does" as defendants but did not state any allegations related to unknown persons.

## BACKGROUND

Strickland is a musician who entered iHeartMedia's "Don't Mess with Texas Song Search Contest" in December 2020. The winner of the contest was determined by public online votes. During the initial online voting period, Strickland identified a problem on the website, which iHeartMedia resolved by holding a second voting period. Strickland objected to iHeartMedia's solution. Ultimately, Strickland lost the contest.

Strickland sued iHeartMedia in small claims court over the voting dispute. In its original answer, iHeartMedia alleged that Strickland had threatened employees, stating, "He even threatened to find the employees and come after them when the contest was over."

Based on this statement in iHeartMedia's answer, Strickland sued iHeartMedia and Schaefer in Bandera County District Court alleging defamation, negligence, and conspiracy.

iHeartMedia and Schaefer moved to dismiss Strickland's complaints under Rule 91a. They also requested attorney's fees and submitted a supporting affidavit.

The trial court dismissed the suit and awarded attorney's fees. This appeal followed.

## STANDARD OF REVIEW

"We review the merits of a Rule 91a motion de novo." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75–76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). Under Rule 91a, we consider whether the pleadings, liberally construed, allege sufficient facts to affirmatively demonstrate that the pleader is entitled to the relief requested. *Id*. at 724–25.

## RULE 91A DISMISSAL

### A.    Parties' Arguments

Strickland argues that iHeartMedia's statement about him in its answer was defamatory and his causes of action were valid. He insists that the trial court erred in dismissing his suit.

iHeartMedia and Schaefer argue that the statement in their answer was protected by the judicial-proceedings privilege and therefore could not be the basis for Strickland's claims. Accordingly, the trial court properly granted their Rule 91a motion to dismiss.

**B.      Rule 91a**

Rule 91a of the Texas Rules of Civil Procedure "authoriz[es] dismissal of a cause of action that has no basis in law or fact." *Sanchez*, 494 S.W.3d at 724 (citing TEX. R. CIV. P. 91a). This determination is made without considering evidence. *Wooley*, 447 S.W.3d at 80 (citing TEX. R. CIV. P. 91a.6).

A cause of action may be dismissed if the facts alleged in the plaintiff's petition establish the defendant's affirmative defense. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). For example, statements made in a judicial proceeding are privileged against defamation claims. *See Jenevein v. Friedman*, 114 S.W.3d 743, 745 (Tex. App.—Dallas 2003, no pet.); *Watson v. Kaminski*, 51 S.W.3d 825, 827 (Tex. App.—Houston [1st Dist.] 2001, no pet.). This includes statements made in written pleadings. *See Landry's Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46 (Tex. 2021) (citing *James v. Brown*, 637 S.W.2d 914, 916–17 (Tex. 1982) (per curiam)). So if a plaintiff cites statements from a court proceeding as the basis for a defamation suit, the suit is subject to dismissal under Rule 91a. *See In re Canfora*, No. 01-21-00128-CV, 2021 WL 4095580, at *9 (Tex. App.—Houston [1st Dist.] Sept. 9, 2021, no pet.) (mem. op.) (citing *Wilkinson v. USAA Fed. Sav. Bank Tr. Servs.*, No. 14-13-00111-CV, 2014 WL 3002400, at *6 (Tex. App.—Houston [14th Dist.] July 1, 2014, pet. denied)) (granting mandamus relief after the trial court improperly denied a Rule 91a motion to dismiss defamation suit).

Rule 91a also provides for attorney's fees. *See* TEX. R. CIV. P. 91a.7. When the moving party requests attorney's fees under Rule 91a.7 and presents supporting evidence, the trial court

may award "all costs and reasonable and necessary attorney's fees incurred with respect to the challenged cause of action." *See id.*; *In re Commercial Credit Group Inc.*, No. 05-21-00115-CV, 2021 WL 1884657, at *6 (Tex. App.—Dallas May 11, 2021, pet. denied) (mem. op.); *Fiamma Statler, LP v. Challis*, No. 02-18-00374-CV, 2020 WL 6334470, at *14 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) (mem. op.).

## C.     Analysis

Strickland sued iHeartMedia and Schaefer in the Bandera County District Court based on a statement contained in their original answer from a separate lawsuit, which caused Strickland's defamation suit to be dismissed. *See In re Canfora*, 2021 WL 4095580, at *9.

On appeal, Strickland argues that the trial court erred when it "exclud[ed] and fail[ed] to consider evidence that was presented," i.e., the trial court failed to consider the allegedly defamatory statement. But the trial court's order granting the dismissal expressly states it considered the pleadings—which included the complained-of statement from iHeartMedia's answer in the small claims court breach of contract case. *See* Tex. R. Civ. P. 91a.6; *Bethel*, 595 S.W.3d at 655. Appellees' statement was protected by the judicial-proceedings privilege, and dismissal under Rule 91a was proper. *See Landry's*, 631 S.W.3d at 46; *Jenevein*, 114 S.W.3d at 745; *In re Commercial Credit Group*, 2021 WL 1884657, at *6.

Strickland also argued that there was "no factually sufficient evidence to support the judgment of the trial court." However, under Rule 91a, the trial court could not have considered evidence in deciding whether to grant the motion to dismiss. *See Wooley*, 447 S.W.3d at 80 (citing Tex. R. Civ. P. 91a.6).

The trial court could only consider evidence concerning iHeartMedia and Schaefer's request for attorney's fees, which it did. *See id.* (citing Tex. R. Civ. P. 91a.7). Schaefer submitted an affidavit detailing his qualifications, his hourly rate, the amount of time spent on the case, how

that time was apportioned, and how much he dedicated in other office resources to the case. The trial court granted Schaefer's request for $7,582.45. *See Fiamma*, 2020 WL 6334470, at *17.

Strickland complains that he cannot afford to pay the attorney's fees award, but he has not presented any legal argument against the award. *Contra* TEX. R. APP. P. 38.1(i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.).

Although we construe a pro se litigant's brief liberally, *see Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989), an appellate issue unsupported by argument or legal authority presents nothing for review. *See Anderson*, 2022 WL 7180376, at *2 (citing *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 285 (Tex. 1994)).

We conclude that the trial court did not err by granting iHeartMedia and Schaefer's Rule 91a motion to dismiss Strickland's suit and awarding $7,582.45 in attorney's fees to the appellees. *See Bethel*, 595 S.W.3d at 656. Strickland's issue on appeal is overruled.

### FAILURE TO PRESERVE A COMPLAINT

Strickland complains that the trial court did not provide him with findings of fact and conclusions of law, but even if they were otherwise required in this case, the record does not show that he requested them. Strickland's complaint is waived. *See* TEX. R. APP. P. 33.1(a); *Garcia v. Mireles*, 14 S.W.3d 839, 843 (Tex. App.—Amarillo 2000, no pet.); *Guerrero v. Salinas*, No. 13-05-323-CV, 2006 WL 2294578, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 10, 2006, no pet.) (mem. op.) (citing TEX. R. CIV. P. 296, 297)).

### CONCLUSION

Because Strickland based his defamation suit on a statement from a judicial proceeding, he failed to plead a claim that would entitle him to relief. Accordingly, under Rule 91a of the Texas

Rules of Civil Procedure, the trial court did not err in granting iHeartMedia and Schaefer's motion to dismiss and request for attorney's fees.  We affirm the trial court's order.

Patricia O. Alvarez, Justice